This is an appeal from the trial court's judgment in a case involving the division and sale of property.
On November 15, 1995, shortly after the death of her husband, Shirley Diane Johnson (hereinafter referred to as "the wife") filed with the probate court a petition to administer the estate of the decedent. On February 10, 1998, the decedent's daughter, Iris L. Johnson (hereinafter referred to as "the daughter") sued the wife and the decedent's sons, Henry Lamar Johnson, Jr., and Brandon Earl Johnson (hereinafter referred to as "the sons") in circuit court seeking sale of property belonging to the decedent and a division of the proceeds. The complaint contained two counts, one for sale and division and one alleging that the wife had intentionally interfered with the daughter's interest in the decedent's estate, the bulk of which consisted of a house owned by the decedent at the time of his death.
On October 22, 1999, the wife filed with the circuit court a claim for homestead allowance, exempt property, and family allowance. On February 16, 2000, the wife filed a verified petition for removal of the estate to circuit court. The circuit court held a hearing on June 19, 2001; at that hearing the court took testimony and heard the arguments of counsel. It then took the matter under advisement and asked that any further arguments be submitted on briefs. On September 12, 2001, the trial court entered an order addressing the sale-and-division issue. This order was amended on October 5, 2001, and after the wife's postjudgment motions were denied, the wife appealed to the Supreme Court. The Supreme Court, pursuant to § 12-2-7(6), Ala. Code 1975, transferred the case to this Court.
This appeal is due to be dismissed as not being from a final judgment. *Page 1034 
Any ruling that adjudicates the rights and liabilities of fewer than all the parties in a case, or that disposes of fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims. Rule 54(b), Ala.R.Civ.P.; see McGlothlin v. First Alabama Bank,599 So.2d 1137 (Ala. 1992). In such a case, the trial court can direct the entry of a final judgment, pursuant to Rule 54(b). In the absence of a Rule 54(b) certification of finality, the question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case. See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871
(Ala.Civ.App. 1979).
A close review of the record indicates that at the least, there remains pending at the trial court the daughter's claim that the wife intentionally interfered with the daughter's interest in the decedent's estate. In addition, there also remains the claim of the wife for her homestead allowance, exempt property, and family allowance. Last, there remains the administration of the decedent's estate, which was properly removed to the circuit court and given the same case number as the action filed by the daughter, and for which the circuit court has properly taken jurisdiction.
Therefore, we dismiss this appeal as not from a final order pursuant to Rule 54(b), Ala.R.Civ.P.
APPEAL DISMISSED.
Crawley and Thompson, JJ., concur.
Yates P.J., and Murdock, J., concur in the result.