This is an appeal and a cross-appeal from a series of orders entered by the Mobile Circuit Court in an estate proceeding.[1]
Elizabeth W. Montiel ("Elizabeth"), the surviving spouse of Gonzalo F. Montiel ("Gonzalo"), appeals from the Mobile Circuit Court's order determining that she is not the beneficiary of Gonzalo's deferred-compensation plan from his employment at Mobile Memorial Gardens. The estate of Gonzalo F. Montiel ("the estate"), and the personal representatives of the estate, Mark G. Montiel and Robert Montiel (hereinafter collectively referred to as "the personal representatives"), cross-appeal from the trial court's order requiring the estate to immediately pay certain remodeling and renovation debts incurred by Elizabeth and Gonzalo before Gonzalo's death. We dismiss both the appeal and the cross-appeal as being from nonfinal judgments.
In Johnson v. Johnson, 835 So.2d 1032
(Ala.Civ.App. 2002), an estate proceeding was removed to the circuit court, and the circuit court took jurisdiction over the administration of the estate. Thereafter, the circuit court entered an order for the sale and division of the decedent's property. The surviving spouse appealed the order. This court dismissed the appeal on the basis that the order was not a final judgment because, among other reasons, the circuit court had retained jurisdiction over the administration of the estate.835 So.2d at 1034. The court noted that the circuit court did not certify the order as final pursuant to Rule 54(b), Ala. R. Civ. P.[2] The court stated, "In the absence of a Rule 54(b) certification of finality, the question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case." 835 So.2d at 1034.
In this case, the parties have appealed from interlocutory orders of the circuit court that have not been certified as final under Rule 54(b). Although the circuit court disposed of most of the issues between the parties by awarding Gonzalo's *Page 1045 
deferred compensation to the estate and by ordering the estate to immediately pay the costs for renovating and remodeling Elizabeth and Gonzalo's marital home, it did not settle the administration of the estate.[3] Among the claims asserted against the estate is a claim by Elizabeth for the costs she incurred for storing Gonzalo's property after his death. In accordance with Johnson, we therefore dismiss the appeal and the cross-appeal.
APPEAL DISMISSED; CROSS-APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
[1] The appeal and the cross-appeal were originally filed in the Supreme Court of Alabama, but they were transferred to this court based on a determination that this court had jurisdiction.
[2] Rule 54(b), Ala. R. Civ. P., provides:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), [Ala. R. Civ. P.,] in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."
[3] The circuit court also ordered the estate to return certain personal property to Elizabeth. None of the parties has appealed that order.