986 So.2d 444 (2007)
Elizabeth W. MONTIEL
v.
ESTATE OF Gonzalo F. MONTIEL and Mobile Memorial Gardens, Inc.
Estate of Gonzalo F. Montiel, Mark G. Montiel, and Robert Montiel
v.
Elizabeth W. Montiel.
2061124.
Court of Civil Appeals of Alabama.
December 14, 2007.
*445 William E. Shreve, Jr., of Lyons, Pipes & Cook, P.C., Mobile; and James C. Johnston of Johnston Druhan, LLP, Mobile, for appellant/cross-appellee Elizabeth W. Montiel.
Douglas L. Anderson and Kristin T. Ashworth of Bowron, Latta & Wasden, P.C., Mobile, for appellee/cross-appellant Estate of Gonzalo F. Montiel and cross-appellants Mark G. Montiel, and Robert M. Montiel.
MOORE, Judge.
Elizabeth W. Montiel ("Elizabeth"), the surviving spouse of Gonzalo F. Montiel ("Gonzalo"), appeals from an order of the Mobile Circuit Court determining the beneficiary of the benefits payable under Gonzalo's deferred-compensation agreement with Mobile Memorial Gardens, Inc. The estate of Gonzalo F. Montiel ("the estate"), and the personal representatives of the estate, Mark G. Montiel and Robert Montiel (hereinafter collectively referred to as "the personal representatives"), cross-appeal from the circuit court's order determining that the estate is responsible for certain remodeling and renovation debts. We reverse as to the appeal and affirm in part and dismiss in part as to the cross-appeal.

Procedural History
This is the second time the parties in this cause have been before this court. See Montiel v. Estate of Montiel, 976 So.2d 1043 (Ala.Civ.App.2007) ("Montiel I"). The procedural posture of the case at the time this court's opinion in Montiel I was issued was as follows: The circuit court had entered an order on June 23, 2006, which it had determined (1) that Elizabeth was not the beneficiary the benefits payable under Gonzalo's deferred-compensation *446 agreement from his employment at Mobile Memorial Gardens and (2) that the estate was solely responsible for certain remodeling and renovation debts incurred by Elizabeth and Gonzalo before Gonzalo's death ("the renovation debts"). Mobile Memorial Gardens had interpleaded the benefits payable under the deferred-compensation agreement.
Subsequent to the entry of the June 23, 2006, order, Elizabeth filed a motion requesting that the estate be required to immediately pay the renovation debts. On August 31, 2006, the circuit court granted Elizabeth's motion. Elizabeth appealed from the June 23, 2006, order to the extent that it determined that she was not the beneficiary of the benefits payable under Gonzalo's deferred-compensation agreement. The estate and the personal representatives thereafter cross-appealed as to the August 31, 2006, order requiring the estate to immediately pay the renovation debts.
In Montiel I, we noted that, because the circuit court had not yet settled the administration of the estate, the parties had appealed from interlocutory orders of the circuit court that had not been certified as final under Rule 54(b), Ala. R. Civ. P. See 976 So.2d at 1044.[1] Therefore, based on Johnson v. Johnson, 835 So.2d 1032 (Ala. Civ.App.2002), we dismissed the appeal and the cross-appeal as being from nonfinal judgments. Montiel I, 976 So.2d at 1045.
Subsequent to the issuance of our opinion in Montiel I, Elizabeth filed a motion on July 13, 2007, requesting that the court certify its June 23, 2006, order as final pursuant to Rule 54(b). Thereafter, on July 30, 2007, the circuit court amended its June 23, 2006, order by adding the following language: "Pursuant to Ala. R. Civ. P. 54(b), the court expressly determines that there is no just reason for delay and expressly directs immediate entry of final judgment as set forth in this order." The circuit court did not amend the August 31, 2006, order to add similar language. Elizabeth timely filed her notice of appeal on August 7, 2007; the estate and the personal representatives cross-appealed on August 29, 2007.

I. Appeal

A. Facts

Gonzalo and Elizabeth were married for 26 years before Gonzalo died on May 27, 2005. Gonzalo had three children from a previous marriage, two of whom are co-personal representatives of Gonzalo's estate. Gonzalo was a member of the board of trustees for Mobile Memorial Gardens, Inc.
On December 18, 1986, Gonzalo and Mobile Memorial Gardens entered into a deferred-compensation agreement ("the 1986 agreement"). Gonzalo wrote a letter to the president of Mobile Memorial Gardens designating his estate as the beneficiary of the benefits payable under the 1986 agreement in the event that he died before the payment of all benefits. In 1996, Gonzalo and Mobile Memorial Gardens entered into a new deferred-compensation agreement ("the 1996 agreement"). The 1996 agreement stated that it "cancels and supersedes" the 1986 agreement. The 1996 agreement also provided, in pertinent part:
"2. Upon the earliest of the voluntary retirement as aforesaid, total disability or death of ... [Gonzalo] while still employed by [Mobile Memorial Gardens], [Mobile Memorial Gardens] shall pay to [Gonzalo] (or as specified in Paragraph 4 hereinafter in the case of death) *447 the sum of $1,100.00 per month for 120 months, beginning with the first calendar month after the month in which he retires, dies or becomes disabled.
". . . .
"4. In the event of the death of [Gonzalo] prior to the payment of all benefits provided for herein, any unpaid benefit shall be paid to the beneficiary designated in writing by [Gonzalo] from time to time; provided that if there is no such written designation effective, any unpaid benefits will paid to the spouse of [Gonzalo] if said spouse be then living; and if not, to his estate."
Frances Powell, the president of Mobile Memorial Gardens and the custodian of its files, testified that, in April 2005, Gonzalo had reviewed a file on his deferred-compensation agreement. She testified that after Gonzalo had reviewed the file, he stated that he wanted to "leave everything as it is." The file contained, among other things, the 1996 agreement, amendments to that agreement, and a letter dated December 18, 1990, and signed by Gonzalo that designated his estate as the beneficiary of the benefits payable under the 1986 agreement.
At trial, Elizabeth introduced a printout of an unsigned, typed document ("the unsigned document"), which had been stored in Gonzalo's personal computer, that was addressed to "the executors of my estate"; the document stated: "Liz is the beneficiary of a deferred compensation agreement I have with Mobile Memorial Gardens, which provides for monthly payments for a period of ten years." Elizabeth testified that she had discovered the unsigned document in Gonzalo's desk among other papers in a file labeled "personal matters" on June 3, 2005. According to information in Gonzalo's personal computer, the unsigned document was created and last modified on January 12, 2005. Elizabeth also testified that Gonzalo had told her once in the spring of 2005 and again shortly before he died that she was the beneficiary under the 1996 agreement.
Robert Denniston, a trustee and the corporate secretary of Mobile Memorial Gardens, testified that he had drafted the 1996 agreement and had maintained a file at his law office containing documents relating to that agreement. Denniston testified that, after Gonzalo died, he had found a copy of a letter dated November 27, 1996, that referred to the 1996 agreement and stated: "I hereby designate my estate as the beneficiary of any unpaid benefits payable at the time of my death." The letter bore Gonzalo's signature. Denniston testified that he did not remember when or how he had received the letter and that he did not have authority to accept the beneficiary designation. The November 27, 1996, letter was not in the Mobile Memorial Gardens file that Gonzalo had reviewed in April 2005.

B. Discussion
With regard to the beneficiary of the 1996 agreement, the circuit court stated:
"The Court finds the November 27, 1996 designation of beneficiary signed by Gonzalo ... effectively established his estate as the beneficiary of payment under the Deferred Compensation Agreement with Mobile Memorial Gardens. The undated print-out from [Gonzalo's] personal computer indicating his widow to be the recipient of said payments is not, in the Court's opinion, effective to rescind or change the earlier beneficiary designation. The computer note was not communicated to anyone during [Gonzalo's] life. The November 27, 1996 written designation was sent to and maintained by Robert Denniston, Esq., an officer of Mobile Memorial Gardens. To effectively rescind said designation, *448 some action of similar formality is required.
"Therefore, the Court determines the Mobile Memorial Gardens is authorized to make future payment due pursuant to the terms of the Deferred Compensation Agreement to the Estate of [Gonzalo], and the Clerk of the Circuit is directed to pay all inter[pleaded] funds to said Estate."
On appeal, Elizabeth argues that the circuit court failed to apply the correct legal standard or that it misapplied the correct standard to the undisputed facts. Specifically, she argues (1) that Gonzalo's intent, rather than whether Gonzalo complied with the formal beneficiary-designation requirements of the deferred-compensation agreement, is controlling in determining the beneficiary of the 1996 agreement and (2) that the unsigned document is an effective designation under the terms of the 1996 agreement despite the fact that Gonzalo did not communicate that designation to anyone during his life. We find the resolution of the first issue to be dispositive of this appeal.
Just as our supreme court found in Murphy v. Gibson, in the present case we conclude that the provisions of the 1996 agreement are "sufficiently analogous to life insurance policy provisions to make [the Alabama Supreme Court's] decisions on the latter controlling here." 465 So.2d 373, 376 (Ala.1985). "Under [prior Alabama Supreme Court] decisions, an insured may change his beneficiary without abiding by the specified requirements of his policy, which require that the change be noted thereon, if the insurer waives the requirement, and an interpleader by it is such a waiver." Murphy, 465 So.2d at 376; see also Norton v. Norton, 280 Ala. 307, 312, 193 So.2d 750, 754 (1966) ("[L]imitations in a policy as to the method of changing the beneficiary are solely for the benefit of the company, and as between claimants, as here, the beneficiary may be changed by gift, where the right to change the name of the beneficiary is reserved by the insured.").[2]
Because Mobile Memorial Gardens interpleaded the benefits payable under the 1996 agreement in the present case, the relevant question is whether Gonzalo intended to name his estate or Elizabeth as the beneficiary. In determining the answer to this question, the circuit court should have considered whether, based on the evidence, it could be reasonably inferred that Gonzalo "considered that nothing on [his] part remained to be done" to designate either his estate or Elizabeth as the beneficiary of the benefits payable under the 1996 agreement. Coley v. Walker, 655 So.2d 1005, 1008 (Ala.Civ.App.1994); Murphy, 465 So.2d at 377. Accordingly, Elizabeth is correct that the circuit court's determination did not depend on whether the formal requirements of the agreement were, in fact, met.
Based on the language in the circuit court's order, it appears that the circuit court failed to give due consideration to the relevant inquiry: whether Gonzalo intended to name the estate or Elizabeth as his beneficiary under the 1996 agreement. Accordingly, we reverse the circuit court's order to the extent that it concluded that the estate was the beneficiary of the 1996 agreement. We remand this case for the circuit court to determine, based on the *449 evidence already before it, whether Gonzalo intended to name his estate or Elizabeth as his beneficiary under the 1996 agreement.[3] In making this determination the circuit court should consider whether, based on the evidence, (1) it can be reasonably inferred that Gonzalo "considered that nothing on [his] part remained to be done" in order to designate Elizabeth as the beneficiary or, conversely, (2) it can be reasonably inferred that Gonzalo "considered that nothing on [his] part remained to be done" to designate his estate as the beneficiary. Coley v. Walker, 655 So.2d at 1008; Murphy, 465 So.2d at 377.

II. Cross-appeal

In their brief, the estate and the personal representatives do not challenge the circuit court's determination that the estate is solely responsible for the renovation debts. Instead, they argue that the estate should not be required to pay those debts immediately. We first reiterate that the circuit court did not amend the August 31, 2006, order requiring the estate to immediately pay the renovation debts. The circuit court merely made final the June 23, 2006, order determining that the estate was solely responsible for those debts.
Because the estate and the personal representatives have failed to make any arguments relevant to the July 30, 2007, Rule 54(b) order, to the extent that they appeal from that order, we must affirm the circuit court's determination that the estate is solely responsible for the renovation debts. See Desouza v. Lauderdale, 928 So.2d 1035, 1040 (Ala.Civ.App.2005). To the extent that they appeal from the August 31, 2006, order requiring the estate to pay the renovation debts immediately, we reiterate that, in Montiel I, we concluded that the August 31, 2006, order was not a final judgment and therefore would not support an appeal. 976 So.2d at 1044. Thus, we dismiss the cross-appeal to the extent that it seeks review of the August 31, 2006, order requiring the estate to immediately pay the renovation debts.

Conclusion
Based on the foregoing, we reverse the circuit court's July 30, 2007, judgment to the extent that it determined that Elizabeth is not the beneficiary of Gonzalo's deferred-compensation plan, and we remand this cause for the circuit court to enter an order based on the law as stated in this opinion. To the extent the estate and the personal representatives appeal from the circuit court's July 30, 2007, judgment, we affirm that portion of the judgment determining that the estate is solely responsible for the renovation debts. To the extent that the estate and the personal representatives appeal from the circuit court's August 31, 2006, order, we dismiss the cross-appeal.
APPEAL  REVERSED AND REMANDED.
CROSS-APPEAL  AFFIRMED IN PART AND DISMISSED IN PART.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs in part and dissents in part, with writing.
BRYAN, Judge, concurring in part and dissenting in part.
Insofar as the main opinion reverses the order of the trial court finding that Gonzalo F. Montiel designated his estate as the beneficiary of the deferred-compensation agreement and that he did not designate *450 Elizabeth W. Montiel as the beneficiary, I respectfully dissent. I agree with the main opinion insofar as it holds that Mobile Memorial Gardens' interpleading the benefits constituted a waiver of the requirements for designating the beneficiary specified by the deferred-compensation agreement and, therefore, that the material issue is who Gonzalo intended to be his beneficiary. However, I do not read the trial court's judgment as basing its decision on the rationale that the November 27, 1996, document designating the estate as the beneficiary was effective because it met the requirements specified by the deferred-compensation agreement while the computer printout designating Elizabeth as the beneficiary was not effective because it did not meet the requirements specified by the deferred-compensation agreement. Rather, I read the trial court's rationale to be (1) that Gonzalo evidenced his intent to designate his estate as his beneficiary under the deferred-compensation agreement in the November 27, 1996, document by observing the formalities of signing and communicating that document to another person; (2) that it can be inferred from his observance of those formalities in the case of the November 27, 1996, document that he would have observed similar formalities if he had intended the computer printout to become effective; and (3) that, therefore, his failure to observe similar formalities in the case of the computer printout establishes that he did not intend the computer printout to become effective. I find no error in such a rationale; therefore, I would affirm the trial court's order finding the estate to be the beneficiary of the deferred-compensation agreement.
I concur in the main opinion with respect to the cross-appeal.
NOTES
[1] Among the claims asserted against the estate was a claim by Elizabeth for the costs she had incurred for storing Gonzalo's property after his death.
[2] In Gibson v. Henderson, 459 So.2d 845 (Ala. 1984), the supreme court appeared to depart from this principle of law. However, in Murphy, supra, the supreme court clearly embraced this principle, and we therefore are bound to apply it in the present case. See Coley v. Walker, 655 So.2d 1005, 1008 (Ala. Civ.App.1994).
[3] Although we disagree with the dissent's interpretation of the circuit court's judgment, we note that, on remand, the circuit court is not foreclosed from following the rationale expressed by the dissent in determining Gonzalo's intent.