University of South Alabama Hospitals ("USAH") appeals from the trial court's determination regarding the amount of its hospital lien related to Angela Blackmon. USAH argues on appeal that the trial court erred to reversal in its factual findings, its application of the law to the facts, and its admission of certain evidence. We must first decide whether the trial court had jurisdiction to determine the amount due on USAH's lien.
On July 10, 2004, Blackmon lost control of a vehicle she was driving when one of the tires on the vehicle failed. The resulting accident seriously injured at least one of Blackmon's passengers, and Blackmon suffered severe injuries to her left arm. Blackmon was treated at a University of South Alabama hospital for 16 days after the accident. She was uninsured and, pursuant to §§ 35-11-370 and 35-11-371, Ala. Code 1975, USAH timely filed and perfected a hospital lien ("the lien") in the amount of $53,495.20 for the charges related to Blackmon's treatment.[1] *Page 1140 
In November 2004, one of Blackmon's passengers, by and through her mother, filed a complaint in the Mobile Circuit Court against Blackmon and the manufacturers of the vehicle and the tire. Blackmon answered and filed cross-claims against the manufacturers. USAH was not a named party in the action. The litigation progressed, and the parties eventually engaged in settlement discussions.
On October 19, 2006, Blackmon filed a motion, purportedly pursuant to § 35-11-373, Ala. Code 1975, in which she asked the trial court to determine the validity of USAH's lien, the reasonable amount due on the lien, and the manner in which the proceeds of her potential settlement with one of the manufacturers should be distributed between USAH and herself. At that time, the parties had not settled Blackmon's claims or reduced them to a judgment.
The trial court held a hearing on Blackmon's motion on October 23, 2006. USAH appeared at the hearing through counsel and noted that the putative settlement had not been reduced to a judgment. However, in lieu of filing a petition to reduce Blackmon's claim to a judgment or having the settlement funds interpleaded, USAH purported to consent to the trial court's exercise of subject-matter jurisdiction over the lien. The trial court stated that it would accept jurisdiction. The trial court then took ore tenus evidence and ordered Blackmon and USAH to submit letter briefs.
In their letter briefs to the trial court, Blackmon and USAH disputed the reasonableness of the charges reflected in the lien and whether USAH should bear a pro rata portion of Blackmon's attorney fee. USAH also argued that if the trial court did not enforce the full amount of the lien, Blackmon would still owe USAH the balance of the charges. On November 8, 2006, the trial court entered an order that stated, simply: "The hospital lien of [USAH] is set at $24,586.75, which is a reasonable charge for the services rendered."
The record indicates that the parties to the litigation subsequently settled their claims, and on November 27, 2006, they filed a joint stipulation for the dismissal of all pending claims. On November 28, 2006, in accordance with the stipulation, the trial court entered an order dismissing all the parties' claims and "retain[ing] jurisdiction to enter further orders as necessary with regard to the hospital lien dispute existing between [Blackmon and USAH]." Although the record indicates that Blackmon settled her claims, those claims were never reduced to a judgment. USAH filed a notice of appeal to the Alabama Supreme Court on December 29, 2006.
The appeal was transferred to this court by the supreme court on the basis of proper jurisdiction, see
§ 12-3-10, Ala. Code 1975. The record on appeal did not contain the stipulation for dismissal or the November 28, 2006, order dismissing the parties' claims. Accordingly, it appeared from the record that USAH was appealing from the November 8, 2006, order and that all the claims in the action remained pending. On February 27, 2007, this court dismissed the appeal, exmero motu, as being from a nonfinal judgment.
On March 16, 2007, the trial court entered an order reaffirming its November 28, 2006, order, stating: "all claims of all parties are now resolved." Although the trial court never decided the question of the pro rata distribution of Blackmon's attorney fee or whether Blackmon would still be liable to USAH for any of its charges, in its March 16, 2007, order the trial court directed the entry of a judgment *Page 1141 
between Blackmon and USAH, stating:
 "[T]he court specifically directs entry of final judgment as to all claims between [USAH and Blackmon], and makes an express determination that there is no just reason for delay and hereby expressly directs entry of final judgment with the intention to satisfy the requirements of Ala. R. Civ. P. Rule 54(b), from which further appeal may be taken."
 USAH filed another notice of appeal to the supreme court on March 22, 2007, and the supreme court again transferred the appeal to this court due to a lack of appellate jurisdiction. The stipulation for dismissal, the trial court's November 28, 2006, order, and the trial court's March 16, 2007, order have now been made part of the record on appeal.
 We need not decide whether USAH has appealed from a final judgment because we find that the trial court did not have jurisdiction under § 35-11-373 to determine the amount due on the lien. "It is well settled that jurisdictional matters are of such significance that an appellate court may take notice of them ex mero motu." Kennedy v. Merriman, 963 So.2d 86, 87-88 (Ala.Civ.App. 2007).
Section 35-11-370 provides that a hospital shall have a lien for
 "all reasonable charges for hospital care, treatment and maintenance of an injured person who entered such hospital within one week after receiving such injuries, upon any and all actions, claims, counterclaims and demands accruing to the person to whom such care, treatment or maintenance was furnished, or accruing to the legal representatives of such person, and upon all judgments, settlements and settlement agreements entered into by virtue thereof on account of injuries giving rise to such actions, claims, counterclaims, demands, judgments, settlements or settlement agreements and which necessitated such hospital care, subject, however, to any attorney's lien."
Section 35-11-373 provides, in relevant part:
 "In any case where the action, claim, counterclaim or demand accruing to the person to whom hospital care has been furnished has been reduced to judgment in a court having jurisdiction thereof, said court shall have full jurisdiction to determine the amount due on the lien on proper written petition by any party interested therein and shall have full power to adjudicate all matters in connection with said hospital lien and to provide by order of the court for the manner in which the proceeds of said judgment shall be distributed."
(Emphasis added.) It is pursuant to § 35-11-373 that Blackmon based her request that the trial court determine the amount due on the lien. However, at the time of Blackmon's motion and the entry of the November 8, 2006, order, Blackmon's claims to which the lien related had not been reduced to a judgment.
We have not found any case that expressly interprets or applies § 35-11-373. Accordingly, we look solely to the statutory language itself to determine its meaning. "The fundamental rule of statutory construction is to ascertain and give effect to the intent of the legislature in enacting the statute."IMED Corp. v. Systems Eng'g Assocs. Corp.,602 So.2d 344, 346 (Ala. 1992); see also Ex parte University of SouthAlabama, 761 So.2d 240, 243 (Ala. 1999). "`[W]hen possible, the intent of the legislature should be gathered from the language of the statute itself.'" Perry v. City ofBirmingham, 906 So.2d 174, 176 (Ala. 2005) (quotingBeavers v. Walker County, 645 So.2d 1365, 1376 (Ala. *Page 1142 
1994)); see also Ex parte Lamar Adver. Co.,849 So.2d 928, 930 (Ala. 2002).
 "Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect."
IMED Corp., 602 So.2d at 346; see also Ex parteUniversity of South Alabama, 761 So.2d at 243; andWynn v. Kovar, 963 So.2d 84, 86 (Ala.Civ.App. 2007). Stated differently, when "the language of a statute is plain and unambiguous, . . . courts must enforce the statute as written by giving the words of the statute their ordinary plain meaning — they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature." Ex parte T.B.,698 So.2d 127, 130 (Ala. 1997); see also Perry, 906 So.2d at 176;Ex parte Lamar Adver. Co., 849 So.2d at 930;Beavers, 645 So.2d at 1376-77; Ex parte UnitedServ. Stations, Inc., 628 So.2d 501 (Ala. 1993); andIMED Corp., 602 So.2d at 344.
Section 5-11-373 provides: "In any case where the action, claim, counterclaim or demand accruing to the person to whom hospital care has been furnished has been reduced to judgment in a court having jurisdiction thereof, said court shall have jurisdiction to determine the amount due on the lien. . . ." By this plain language, a trial court having full jurisdiction over a claim may exercise jurisdiction over hospital liens associated with that claim when the claim "has been reduced to [a] judgment." Because Blackmon's claims had not been reduced to a judgment, the trial court did not have subject-matter jurisdiction to decide the amount of the lien pursuant to § 35-11-373. Accordingly, the November 8, 2006, order is void.See Payne v. Department of Indus. Relations,423 So.2d 231, 233 (Ala.Civ.App. 1982) ("It is well recognized that a judgment rendered in the absence of subject matter jurisdiction is void.").
To construe § 35-11-373 to grant jurisdiction in situations such as this, in which the claims made the subject of the lien have not been reduced to a judgment, "would expand the language of the statute beyond its plain meaning." Hilliard v. Cityof Huntsville, 585 So.2d 889, 892 (Ala. 1991). The legislature could have stated that trial courts had jurisdiction over hospital liens in all cases in which the trial court exercised jurisdiction over the action, claim, counterclaim, demand, judgment, or settlement made the subject of the lien. However, the legislature did not use such language. Instead it chose to limit the judicial exercise of jurisdiction to "any case where the action, claim, counterclaim or demand accruing to the person to whom hospital care has been furnished has been reduced to judgment."
"[I]t is our job to say what the law is, not to say what it should be." DeKalb County LP Gas Co. v. Suburban Gas,Inc., 729 So.2d 270, 276 (Ala. 1998). Our supreme court has explained that the role of the appellate courts "is not to displace the legislature by amending statutes to make them express what we think the legislature should have done. Nor is it an appellate court's role to assume the legislative prerogative to correct defective legislation or amend statutes." Siegelman v. Chase Manhattan Bank (USA), Nat'lAss'n, 575 So.2d 1041, 1051 (Ala. 1991). "When determining legislative intent from the language used in a statute, a court may explain the language but it may not detract from or add to the statute. . . . Courts may not improve a statute, but may only expound *Page 1143 
it." Siegelman, 575 So.2d at 1045. Accordingly, we read § 35-11-373 to mean what it says: that a trial court may exercise jurisdiction over a lien in any case in which the claim made the subject of the lien "has been reduced to [a] judgment."
Regarding Blackmon's and USAH's purported consent to jurisdiction, we must find that their consent had no effect. Both Blackmon and USAH purported to consent to the subject-matter jurisdiction of the trial court even though they recognized that that jurisdiction was not authorized under § 35-11-373. However, "`[s]ubject matter jurisdiction can neither be conferred by agreement nor can it be waived.'"Sustainable Forests, L.L.C. v. Alabama Power Co.,805 So.2d 681, 684 (Ala. 2001) (quoting InternationalLongshoremen's Ass'n v. Davis, 470 So.2d 1215, 1216
(Ala. 1985)). The trial court therefore did not gain subject-matter jurisdiction to determine the amount of the lien merely because USAH and Blackmon "consented" to its jurisdiction. Accordingly, regardless of Blackmon's and USAH's "consent," the trial court's judgment was void due to a lack of subject-matter jurisdiction. Because the judgment made the basis of this appeal is void, we dismiss the trial court's judgment.
APPEAL DISMISSED.
BRYAN, THOMAS, and MOORE, JJ., concur.
PITTMAN, J., concurs in the result, without writing.
[1] Blackmon was hospitalized again for surgery in February 2005. USAH timely filed and perfected a hospital lien in the amount of $23,843.63 as to the 2005 hospitalization. However, only the 2004 lien is at issue in this appeal.