On Application for Rehearing
 

 MOORE, Judge.
 

 This court’s opinion of April 17, 2009, is withdrawn, and the following is substituted therefor.
 

 Ralph Eustace and Martha Haislip appeal from a judgment entered by the Madison Circuit Court. We affirm the judgment in part and dismiss the appeal in part.
 

 Facts and Procedural History
 

 Eula Cleo Eustace Styles (“the decedent”) died on September 11, 2004. Approximately three months before she died, the decedent had moved from her home in Jackson County to Madison County to live with her niece, Sandra Browning.
 

 On September 20, 2004, Ralph Eustace, the decedent’s brother, filed a petition for letters of administration in the Jackson Probate Court; the Jackson Probate Court granted his request on September 23, 2004. On February 28, 2005, Sandra Browning filed in the Madison Probate Court a petition to probate the will of the decedent (“the will”) and requesting that the Madison Probate Court grant letters testamentary to her. Also on February 28, 2005, Browning filed in the Jackson Probate Court a verified petition to revoke the letters of administration that had been previously granted to Eustace. The Jackson Probate Court revoked Eustace’s letters of administration on March 21, 2005. Meanwhile, Eustace petitioned the Jackson Circuit Court for removal of the proceedings in the Jackson Probate Court, and the Jackson Circuit Court entered an order removing the proceedings from the Jackson Probate Court to the circuit court on March 23, 2005.
 

 On March 24, 2005, Eustace filed in the Jackson Circuit Court a motion to consolidate the proceedings in the Madison Probate Court with the proceedings in the Jackson Circuit Court; the Jackson Circuit Court granted that motion and noted that Eustace would “continue as administrator.” On April 27, 2005, the Madison Probate Court admitted the will to probate and granted letters testamentary to Browning. On May 10, 2005, Browning filed in the Jackson Circuit Court a motion seeking to set aside the consolidation order and to dismiss the case; that motion was denied.
 

 On June 14, 2005, Eustace, individually and as administrator of the decedent’s estate, and Martha Haislip, the decedent’s sister and an heir at law of the decedent, filed an “amended complaint” in the Jackson Circuit Court contesting the will based on the grounds of incapacity and undue influence, alleging that the will had been filed in the wrong venue, and alleging various tort claims based on actions that Browning had allegedly taken unrelated to the procurement of the will. On July 5, 2005, Browning filed in the Jackson Circuit Court another motion to revoke Eustace’s
 
 *448
 
 letters of administration, and, on July 6, 2005, Browning filed a motion to dismiss the amended complaint. On August 11, 2005, Browning filed a petition requesting that the Alabama Supreme Court issue a writ of mandamus to the Jackson Circuit Court; that petition was denied on September 5, 2005.
 
 [1]
 

 On October 25, 2005, Browning filed in the Madison Circuit Court a petition for removal of the proceedings from the Madison Probate Court to the circuit court, and, on October 28, 2005, the Madison Circuit Court ordered that those proceedings be removed. On April 12, 2006, Browning filed a motion requesting that the Madison Circuit Court enter a judgment declaring that the decedent had left a will, that the decedent had been a resident of Madison County at the time of her death, that Browning had complied with Alabama law in probating the will in Madison County, and that Browning is the personal representative of the decedent’s estate. Browning attached several exhibits to that motion. On June 6, 2006, Browning filed a motion for a summary judgment in the Madison Circuit Court, attaching thereto her motion requesting a declaratory judgment and the exhibits that had been attached to that motion. Eustace and Haislip filed a response to the summary-judgment motion on October 30, 2006. On November 2, 2006, the Madison Circuit Court held a hearing on Browning’s summary-judgment motion.
 

 On November 9, 2006, Eustace and Haislip filed a motion requesting that the Madison Circuit Court transfer the proceedings pending in that court to the Jackson Circuit Court. On November 21, 2006, Browning filed in the Jackson Circuit Court a motion to dismiss or, alternatively, to transfer the action. On November 14, 2006, the Madison Circuit Court denied Eustace and Haislip’s motion to transfer.
 

 On November 15, 2006, the Madison Circuit Court entered an order granting Browning’s motion for a summary judgment, finding that the decedent had left a will, which had been duly admitted to probate by the Madison Probate Court; that Browning had complied with Alabama law in submitting the will to probate in the Madison Probate Court; that letters testamentary had been issued to Browning on April 27, 2005; that Browning is the legitimate personal representative of the estate of the decedent; that Eustace’s letters of administration had been properly revoked by the Jackson Probate Court; that no heir or beneficiary of the decedent’s estate had filed a contest of the will in either the Madison Probate Court or the Madison Circuit Court; and that the Jackson Circuit Court’s order purporting to consolidate the Madison County proceedings with the Jackson County proceedings was void.
 

 On February 14, 2008, the Jackson Circuit Court entered an order severing the tort claims asserted in Eustace and Hais-lip’s amended complaint from those claims related to the will (“the will contest”); the will contest was transferred to the Madison Circuit Court. On April 18, 2008, Browning filed in the Madison Circuit Court a motion to dismiss the will contest. On August 5, 2008, the Madison Circuit Court granted the motion to dismiss the will contest and made that order final, pursuant to Rule 54(b), Ala. R. Civ. P. Eustace and Haislip filed their notice of appeal to the Alabama Supreme Court on September 16, 2008; that court transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
 

 
 *449
 

 Discussion
 

 On appeal, Eustace and Haislip argue that the Madison Circuit Court erred in granting Browning’s motion for a summary judgment on the validity of the will because, they say, (1) the summary-judgment motion was not in compliance with Rule 56, Ala. R. Civ. P., (2) the Madison Circuit Court failed to review or consider Eustace and Haislip’s brief and affidavit filed in opposition to that motion, and (3) there was undisputed evidence in the record indicating that the dispositive scheme of the will favored an unnatural beneficiary and that Browning had had primary access to the decedent and had been active in the drafting of the will, thus creating a legal presumption of undue influence. Eustace and Haislip also argue that the Madison Circuit Court erred in dismissing the will contest because, they say, Browning submitted to the jurisdiction of the Jackson Circuit Court and the law of the case is that the Jackson Circuit Court was the correct venue for this case.
 

 1. Appeal from the Summary Judgment
 

 Initially, we note that Browning has asserted that Eustace and Haislip’s appeal from the summary judgment was untimely filed. Although the summary judgment resolved certain issues, the judgment was clear that the court retained jurisdiction to probate the estate. This court has previously held that, when a circuit court retains jurisdiction over the administration of a decedent’s estate, any order entered before the final settlement of the estate would be a nonfinal judgment unless certified as final pursuant to Rule 54(b), Ala. R. Civ. P.
 
 See Montiel v. Estate of Montiel,
 
 976 So.2d 1043, 1044 (Ala.Civ.App.2007). In the present case, the Madison Circuit Court did not certify the summary judgment as final. Generally, “a nonfinal judgment will not support an appeal.”
 
 Naylor v. Naylor,
 
 981 So.2d 440, 441 (Ala.Civ.App.2007).
 

 We recognize, however, that Alabama law provides for an appeal from a probate court’s nonfinal order in certain enumerated instances. For example, Ala.Code 1975, § 12-22-21(2), provides for an appeal from a probate court’s nonfinal order “on an application claiming the right to execute a will or administer an estate.” Although § 12-22-21(2) “does not specifically provide a right to appeal from a similar order of the
 
 circuit
 
 court[, the Alabama Supreme] Court has traditionally treated such orders of the circuit court as though they were orders of the probate court.”
 
 Tate v. Kennedy,
 
 578 So.2d 1079, 1080 n. 2 (Ala.1991). In the present case, the summary judgment declared, among other things, Browning’s right to execute the will. Thus, we conclude that, insofar as it determined Browning’s right to execute the will, the summary judgment was ap-pealable under § 12-22-21(2).
 
 See Barron v. Scroggins,
 
 910 So.2d 780, 782 (Ala.Civ.App.2005).
 
 [2]
 

 On application for rehearing, Eustace and Haislip cite
 
 Johnson v. Johnson,
 
 835 So.2d 1032 (Ala.Civ.App.2002), asserting that the holding in that case contradicts our conclusion that the summary judgment adjudicating Browning’s right to execute the will was appealable at the time of its entry. In
 
 Johnson,
 
 this court dismissed an appeal from an order on a sale-for-division issue as not being from a final judgment. 835 So.2d at 1033-34. We note, however, that, in stating that orders of the circuit court in probate cases are treated as though they were orders of the
 
 *450
 
 probate court for purposes of determining the right to appeal pursuant to § 12-22-21, we have followed the guidance of the most recent Supreme Court case on that issue,
 
 Tate, supra.
 
 Based on the holding in
 
 Tate,
 
 we conclude that this court’s opinion in
 
 Johnson
 
 was incorrect because the parties had the right to appeal from the order on the sale-for-division issue pursuant to § 12-22-21(7). Thus, we expressly overrule
 
 Johnson
 
 to the extent that it is in conflict with
 
 Tate
 
 and this opinion.
 

 Appeals to the Alabama Supreme Court brought pursuant to § 12-22-21 are governed by the Alabama Rules of Appellate Procedure. § 12-22-21. Rule 4(a)(1), Ala. R.App. P., states that a party must file a notice of appeal “within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.” In the present case, Eustace and Haislip’s notice of appeal was filed more than 42 days after the entry of the summary judgment determining Browning’s right to execute the will. Rule 2(a)(1), Ala. R.App. P., provides that “[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Accordingly, to the extent that Eustace and Haislip’s appeal challenges Browning’s right to execute the will, we dismiss the appeal.
 

 II. Dismissal of the Will Contest
 

 With regard to the dismissal of the will contest, Eustace and Haislip first argue that the will contest should not have been dismissed because, they say, Browning had submitted to the Jackson Circuit Court’s jurisdiction. Whether a will contest was filed in compliance with the applicable statutes is an issue of subject-matter jurisdiction.
 
 See, e.g., Bond v. Pylant,
 
 3 So.3d 852, 855 (Ala.2008). Subject-matter jurisdiction cannot be waived.
 
 See, e.g., University of South Alabama Hosps. v. Blackmon,
 
 987 So.2d 1138, 1143 (Ala.Civ.App.2007).
 

 “In Alabama, a will may be contested in two ways: (1) under § 43-8-190, Code of Alabama 1975, before probate, the contest may be instituted in the probate court [by filing objections in the court where the will is offered for probate] or (2) under § 43-8-199, Code of Alabama 1975, after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated.”
 

 Stevens v. Gary,
 
 565 So.2d 73, 74 (Ala.1990). “Because will contest jurisdiction is statutorily conferred, proceedings under § 43-8-190 and § 43-8-199[, Ala.Code 1975,] must comply exactly with the terms of the applicable statute.”
 
 Simpson v. Jones,
 
 460 So.2d 1282, 1284 (Ala.1984).
 

 Eustace and Haislip failed to file their will contest in the court where the will had been offered for probate, i.e., the Madison Probate Court, pursuant to § 43-8-190, Ala.Code 1975, or in the circuit court of the county in which the will was probated, i.e., the Madison Circuit Court, pursuant to § 43-8-199, Ala.Code 1975. Accordingly, they failed to comply with the requii'ements of either of the statutes that confer jurisdiction to entertain a will contest. Thus, we conclude that the Madison Circuit Court properly found that the will contest that the Jackson Circuit Court had transferred to that court had not been filed in compliance with the applicable statutes. Thus, the Madison Circuit Court had no subject-matter jurisdiction over the will contest. Accordingly, the Madison Circuit Court properly held that the will was valid and that Browning was the personal representative of the decedent’s estate.
 

 Eustace and Haislip next argue that the law of the case is that the Jackson Circuit Court was the correct venue for
 
 *451
 
 the will contest because Browning failed to raise venue as an issue when she filed a petition for a writ of mandamus with the Alabama Supreme Court. As noted above, however, the issue in this case is one of jurisdiction, not venue. As noted previously, subject-matter jurisdiction cannot be waived,
 
 University of South Alabama Hosps.,
 
 987 So.2d at 1143, and “may be raised at any time by either the parties or by the court,
 
 ex mero motu.” State Dep’t of Revenue v. Medical Care Equip., Inc.,
 
 737 So.2d 471, 473 (Ala.Civ.App.1999). Thus, whether or not Browning raised the issue of venue in her petition for a writ of mandamus is not germane to the determinative issue in this case.
 

 Finally, Eustace and Haislip argue that the transfer of a -will contest is authorized by Ala.Code 1975, § 43-8-197. We note, however, that § 43-8-197 does not change the requirement that a will contest must be filed in the court in which the will is offered for probate. Instead, it simply allows for a change of venue after the will contest is filed. In the present case, Eus-tace and Haislip failed to file a will contest in the Madison Probate Court, the court where the will had been offered for probate, or in the Madison Circuit Court, the circuit court of the county in which the will was probated. Accordingly, we reject Eustace and Haislip’s argument on this point.
 

 Conclusion
 

 Based on the foregoing, we dismiss the appeal to the extent that it challenges the summary judgment. With regard to the will contest, we affirm the trial court’s judgment.
 

 Browning’s request for the award of attorney fees on appeal is denied.
 

 APPLICATION GRANTED; OPINION OF APRIL 17, 2009, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED IN PART; AFFIRMED IN PART.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . The petition is not in the record on appeal, and it is unclear what the petition was based upon.
 

 [2]
 

 . We also point out that, as of the date the Madison Circuit Court entered the summary judgment, no will contest had been filed in that court. Thus, the Madison Circuit Court had no jurisdiction to determine whether the will had been procured by undue influence.
 
 See Bond v. Pylant,
 
 3 So.3d 852, 854-55 (Ala.2008).