PITTMAN, Judge.
Harold Keith Hunt, the surviving son of Harold Guy Hunt, who died testate on January 30, 2009, appeals from a November 21, 2011, order of the Cullman Circuit Court (“the circuit court”) that, among other things, refused to issue him a deed to the real property devised to him in his father’s will until all debts, claims, and costs of administration of the estate had been paid. The supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975. We dismiss the appeal as having been taken from a nonfi-nal judgment.
The administration of the estate was removed from the Cullman County Probate Court to the circuit court, and the circuit court took jurisdiction over the administration of the estate. The circuit court determined that the debts, claims, and costs of the administration of the estate amounted to approximately $50,000; that the personal property of the estate was insufficient to pay those debts, claims, and costs; that Harold Keith Hunt and two of his sisters, Anita Lynn Hunt and Sherrie Hunt Williams, were specific devi-sees of real property under the terms of their father’s will; and, further, that
“each specific devisee shall be obligated to pay the pro rata share that he or she is to receive under the will in order to pay the claims, debts, and costs of administration [of the estate]. If the devi-sees are not able to pay their pro rata share, then his or her respective devise may be sold to satisfy the debts, claims, and costs of administration [in the amount of approximately $50,000].”
Although the circuit court, in its November 21, 2011, order, resolved most of the issues between the testator’s surviving spouse and children, there had been no final settlement of the estate when the appeal was taken, and the circuit court did not direct the entry of a final judgment as to its order. See Rule 54(b), Ala. R. Civ. P.
In Eustace v. Browning, 30 So.3d 445, 449 (Ala.Civ.App.2009), this court stated:
“This court has previously held that, when a circuit court retains jurisdiction ■ over the administration of a decedent’s estate, any order entered before the final settlement of the estate would be a nonfinal judgment unless certified as final pursuant to Rule 54(b), Ala. R. Civ. P. See Montiel v. Estate of Montiel, 976 So.2d 1043, 1044 (Ala.Civ.App.2007).... Generally, ‘a nonfinal judgment will not support an appeal.’ Naylor v. Naylor, 981 So.2d 440, 441 (Ala.Civ.App.2007).”
Accordingly, we dismiss the appeal as having been taken from a nonfinal judgment.
APPEAL DISMISSED.
MOORE and DONALDSON, JJ., concur.
THOMPSON, P.J., and THOMAS, J., recuse themselves.