MOORE, Judge.
Joseph Edward McCarron III (“the husband”) appeals from a judgment entered by the Baldwin Circuit Court (“the trial court”) on July 22, 2015. We dismiss the appeal as being from a nonfinal judgment.

Procedural History

On November 25, 2013, the trial court entered a judgment divorcing the husband and Jerry Ann McCarron (“the wife”), dividing the parties’ marital property, and awarding the wife periodic alimony in the amount of $10,000 per month. The husband appealed, and, in McCarron v. McCarron, 168 So.3d 68 (Ala.Civ.App.2014) (“McCarron I ”), this court affirmed the judgment in part but reversed the judgment insofar as it required the husband to pay the wife various monetary awards totaling $491,000 as part of the property settlement. This court remanded the case for the trial court to fashion an equitable payment schedule for the property awards. 168 So.3d at 80. This court also reversed the periodic-alimony award, stating:
“Because the division of property and the award of alimony must be considered together, see Pate v. Pate, 849 So.2d 972, 976 (Ala.Civ.App.2002), we also reverse that portion of the judgment awarding the "wife $10,000 per month in periodic alimony so that the trial court may reconsider its award in light of any modification of the judgment it makes to enable the husband to pay the property settlement.”
168 So.3d at 82-83.[1]
On remand, the trial court entered a judgment on July 22, 2015, establishing various payment schedules for the property awarded to the wife. The judgment also addressed the periodic-alimony award *593 as follows: “[The husband] shall immediately pay the $10,000/month alimony beginning August 1, 2015. The Court reserves the issue of arrearage.” (Emphasis added.) Before the trial court acted further on the questions whether the husband owed an arrearage and, if so, the amount of that arrearage, the husband appealed. Based on the unresolved arrearage issues, this court ordered the parties to brief the question of the finality of the judgment. After considering the briefs submitted by the parties, the court determines that the judgment is not final and will not support an appeal.

Discussion

“‘Jurisdictional matters are of such importance that a court may take notice of them ex mero motu.’ McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App.2004). ‘An appeal ordinarily will lie only from a final judgment—i.e., one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.’ Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990). ‘[T]he question whether a judgment is final is a jurisdictional question.’ Johnson v. Johnson, 835 So.2d 1032, 1034 (Ala.Civ.App.2002), overruled on other grounds, Eustace v. Browning, 30 So.3d 445 (Ala.Civ.App.2009).”
AC. v. C.C., 34 So.3d 1281, 1286-87 (Ala.Civ.App.2009).
In the present case, the trial court expressly reserved ruling on the issue of the husband’s alimony arrearage; its judgment clearly contemplates further proceedings to decide that issue. Therefore, the trial court did not “conclusively deter-minen the issues before [it].” AC, 34 So.3d at 1287. The husband argues, however, that the trial court cannot order him to pay an arrearage because this court vacated the periodic-alimony award in McCarron I. If the husband is correct in that assertion, a matter that we do not decide, the husband can argue that point to the trial court and obtain a ruling for appellate review. See Kreitzberg v. Kreitzberg, 131 So.3d 612, 626-27 (Ala.Civ.App.2013). Until that time, this court cannot assume jurisdiction to rule on the issue.
Because the husband has appealed from a nonfinal judgment, we dismiss the appeal. A.C., 34 So.3d at 1287.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. This court later reversed a contempt judgment entered by the trial court. See McCarron v. McCarron, 171 So.3d 22, 24 (Ala.Civ.App.2015).