Plaintiffs appeal from a declaratory judgment for defendants. Defendants move to dismiss the appeal.
We deny defendants' motion to dismiss and reverse and remand on the merits.
Plaintiffs were injured on December 10, 1974, when the automobile in which they were passengers collided with an automobile driven by Frank Harris, an uninsured motorist. The automobile in which plaintiffs were riding was in the custody and control of Elmore Community Action Committee, Inc., (ECAC) and was driven by Charlestyne Bickley, whom ECAC employed to drive elderly and needy persons to town to buy such things as food and drugs.
Plaintiffs filed an action against ECAC, Harris, and Bickley, and against Robert M. Duke Insurance Agency, Inc., and Gulf American Fire and Casualty Company. The suit declares against Harris (the uninsured driver), Bickley (the driver of the ECAC car), and ECAC for negligence and wantonness arising out of the collision. The suit declares against Duke and Gulf for negligently failing to have uninsured motorist coverage in effect on the automobile driven by Bickley at the time of the accident. The trial court severed this question of uninsured motorist insurance coverage raised by the counts against Duke and Gulf. At trial, plaintiffs alternatively declared there was uninsured coverage by virtue of failure to reject coverage. The court ruled that Gulf had complied with Act No. 866, Acts of Alabama 1965, Vol. II, p. 1614 (Tit. 36, § 74 (62a), Code of Alabama of 1940, as Recompiled 1958) and owed no duty to provide uninsured motorist coverage and that Duke was not negligent in failing to have in effect an uninsured motorist endorsement on ECAC's automobile at the time of the accident.
 Motion
Duke and Gulf moved for dismissal of the appeal on the ground that the case involves multiple parties and claims, that the appeal is based on an adjudication of less than all the claims and parties, and that there has *Page 783 
been no determination by the trial court pursuant to Rule 54 (b), ARCP.
The motion to dismiss the appeal is without merit. Rule 54 (b) applies to actions in which there are multiple claims or parties and in which the trial court enters judgment "as to one or more but fewer than all of the claims or parties." It applies to actions in which "separate trials" are ordered pursuant to Rule 42 (b). Atkins, Kroll (Guam), Ltd. v. Cabrera,277 F.2d 922 (9th Cir. 1960). It does not apply, however, to claims "severed" from the original action.
Although the Committee Comments to the Alabama Rules of Civil Procedure do not always honor the distinction between "separate trial" and "severance," the distinction exists and is significant. See Committee Comments, Rules 18 and 42, ARCP. The distinction is recognized in Rule 14 (a), ARCP, which provides, "Any party may move to strike the third-party claim, or for itsseverance or separate trial." (Emphasis supplied). The distinction is also recognized by leading treatises on civil procedure. Wright and Miller state:
 "Rule 42 (b) allows the court to order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims or issues. The court may do so in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. The procedure authorized by Rule 42 (b) should be distinguished from severance under Rule 21. Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently. Unfortunately this distinction, clear enough in theory, is often obscured in practice since at times the courts talk of `separate trial' and `severance' interchangeably." (Footnotes omitted.)
Federal Practice and Procedure: Civil § 2387 (1971).
We agree with Lyons:
 "First, a distinction must be drawn between the separate trial provided by Rule 42 (b) and the severance contemplated by Rule 21, Misjoinder and Non-joinder of Parties. Severed claims become entirely independent actions with judgment entered independently while separate trials can lead to one judgment. See Wright Miller, Federal Practice and Procedure, § 2387 (1971). Rule 14, Third Party Practice, speaks of the power of severance or
separate trials and in Central of Georgia Ry. v. Riegel Textile Corp., 426 F.2d 935, 8 A.L.R.Fed. 701 (5th Cir. 1970), the severance of a third-party claim was described as `judicial surgery' creating, in effect, an `original action'."
2 Alabama Practice § 42.3 (1973).
As these authorities state, separate trials of different claims in a single action under Rule 42 (b) usually result in a single judgment. Consequently, when the court wishes to enter judgment as to fewer than all the claims or parties, in a single action, Rule 54 (b) must be followed. When, however, a claim is severed from the original action, as authorized by Rule 21, ARCP, a new action is created, just as if it had never been a part of the original action, and a completely independent judgment results. Because the new action is no longer connected to the original action, the judgment rendered is not a determination as to fewer than all the parties and claims, and Rule 54 (b) does not apply.
In the case at bar, defendants Gulf and Duke expressly moved for a "severance" on the ground that Rule 18 (c) forbids "a jury trial of a liability insurance coverage question jointly with the trial of a related damage claim against an insured." The trial court expressly granted a "severance" on the question of uninsured motorist coverage. We do not wish to be understood as holding that the label "severance" is always determinative. The substance of the court's action, not its form, controls. But, here, since the question severed could have originally been presented in an independent action, the substance of the court's *Page 784 
action is consistent with its form. There was a severance in fact as well as in form.
We note in passing that severance is not the only means of complying with Rule 18 (c). That rule does not forbid joint pleading of the question of liability insurance coverage with a related damage claim. See Committee Comments, Rule 18. It merely prohibits a joint jury trial. Consequently, Rule 18 (c) may be satisfied by separate trials, analogous to those permitted under Rule 42 (b), as well as by severance. To the former, Rule 54 (b) applies, but not to the latter. Since severance was the means chosen by the trial judge in this case, the judgment rendered was independent of the original action and appealable without compliance with Rule 54 (b).
The motion to dismiss the appeal is denied.
 Merits
Gulf through its agent Duke issued liability insurance policy No. 15-1919 to Coosa-Elmore Community Action Committee, Inc., (CECAC) on June 7, 1967. At that time an uninsured motorist rejection endorsement was executed by "Elizabeth T. Edwards, Director, Coosa-Elmore Community Action Committee, Inc." The rejection form recited that it was an endorsement to policy No. 15-1919. It also referred to Act 866, Acts of Alabama 1965, [Tit. 36, § 74 (62a)] and briefly described uninsured motorist protection. The space under "Return Premium" was left blank.
In 1970, a renewal policy was issued and an uninsured motorist rejection endorsement was signed "Patricia L. McDonald" in the space labeled "Signature of Insured."
In 1972, policy No. 15-4021, another renewal policy, was issued and an uninsured motorist rejection endorsement signed "Elizabeth T. Edwards." Her capacity was not mentioned. Later in 1972, the policy was amended to change the policy period. An uninsured motorist rejection endorsement was not executed at that time.
In May 1974, ECAC, a new corporation, was formed. The trial court found that it was formed to reflect a change in the geographical makeup of the previously organized CECAC." (Coosa County was eliminated.) An endorsement was issued to policy No. 15-4021 to change the name of the insured to ECAC. No uninsured motorist rejection form was signed. The trial court found that "ECAC was the same organization as the CECAC." Policy No. 15-4021, as amended, was in effect on the date of the accident. The trial court further found that, under the evidence, there was no dispute as to the authority of Edwards and McDonald to sign the rejection form on behalf of CECAC.
Plaintiffs' basic contention is that uninsured motorist coverage was not rejected by the named insured, ECAC, the new corporation, and consequently Gulf is liable for uninsured motorist protection pursuant to Tit. 36, § 74 (62a), Code of Alabama of 1940 (Recompiled 1958), as amended.
Gulf and Duke reply that no new rejection was necessary because there was only a change in name from CECAC to ECAC and there was no change in coverage, no change in the definition of the insured, and no new policy.
We disagree with the trial court's finding that CECAC and ECAC are the same organization and that there was only a change in name. CECAC was created on August 11, 1966, when its articles of incorporation were filed with the probate judge of Elmore County pursuant to Tit. 10, § 230, Code of Alabama of 1940 (Recompiled 1958). ECAC was created eight years later on May 16, 1974, when its articles of incorporation were filed with the probate judge of Elmore County pursuant to the same statute. Further, CECAC was composed of two counties, ECAC of only one. A corporation is an artificial being, a creature of statute. When articles of incorporation are filed pursuant to statute, a new corporation is created, even though the new corporation may be identical to a previously created corporation in many respects. Cf. Forest Hill Corp. v. Latter Blum, Inc., 249 Ala. 23, 26, 29 So.2d 298, 300 (1947), in which this Court stated, *Page 785 
 ". . . [T]he mere fact that some or all of the stockholders or officials of two corporations are identical or because one corporation dominates the other does not, of itself, destroy the corporate identity or merge one into the other . . ."
In the instant case, however, the two corporations are not identical.
If the Board of Directors of CECAC intended simply to amend CECAC's articles of incorporation, they could have followed the statutory procedure for amendment. See Tit. 10, § 233 et seq. They had amended the articles on a previous occasion and were apparently familiar with this procedure. They did not, however, follow the statutory procedure for amending articles of incorporation to change CECAC to ECAC. They followed the procedure for creating a new corporation. Consequently, CECAC and ECAC are not the same corporation. Regardless of their common features, they are two entirely distinct corporate entities.
Tit. 36, § 74 (62a), mandates that unless uninsured motorist coverage is rejected by the named insured such coverage is included in all automobile liability policies. State FarmMutual Automobile Insurance Co. v. Martin, 292 Ala. 103,289 So.2d 606 (1974).
In this case, uninsured motorist coverage was rejected by the Executive Director of the named insured, CECAC, when the policy was first taken out. When, however, the policy was transferred to ECAC, a new and different corporate entity and a new and different named insured, ECAC did not reject uninsured motorist coverage. Since the named insured at the time of the accident had not rejected uninsured motorist coverage in accordance with the mandate of the statute, that coverage was in effect at the time of the accident under ECAC's automobile liability policy.
MOTION TO DISMISS DENIED.
REVERSED AND REMANDED.
JONES, EMBRY and BEATTY, JJ., and CATES, J., sitting by designation of the Chief Justice, concur.