This appeal arises out of a complaint for redemption filed by First Alabama Bank (as junior mortgagee) against Michael David McGlothlin and Mary McGlothlin and Guaranty Federal Savings and Loan Association in the Shelby County Circuit Court. The trial court entered an order of summary judgment on June 11, 1990, in favor of First Alabama. Almost one year later, Joel Watson, who had represented the McGlothlins in negotiations prior to the filing of the complaint for redemption, filed a motion to intervene and a "motion for new trial/motion to reconsider order on summary judgment." These motions followed the filing of a malpractice suit by the McGlothlins against Watson. *Page 1138 
By order of July 8, 1991, the trial court allowed Watson's intervention for purposes of his "motion for new trial/motion to reconsider order on summary judgment," and found that its order on summary judgment was not final and that the case could have been further litigated had the parties not chosen to settle it. Having found that the parties to the redemption case had voluntarily settled following a pretrial order, the court dismissed the case. The McGlothlins appeal the order of dismissal and the trial court's failure to alter, amend, or vacate it. We affirm.
There are two issues presented on appeal: (1) Whether the trial court's order on summary judgment was a final judgment, and (2) whether the trial court erred in allowing intervention.
The order on summary judgment reads as follows:
 "This cause came on before the Court on Plaintiff/Counterclaim Defendant, First Alabama Bank's Motion for Summary Judgment and Defendants, Michael D. McGlothlin and Mary L. McGlothlin's Answer to Summary Judgment. Upon consideration of said motions, along with briefs of counsel for said Plaintiff and said Defendants with supporting affidavits and pleadings in support thereof, the Court finds the following:
 "1. That First Alabama Bank as successor of Shelby State Bank was a junior mortgagee at the time the property subject of this lawsuit was foreclosed by the first mortgagee.
 "2. That the mortgage foreclosure deed was given to the Defendants on November 8, 1988.
 "3. That First Alabama Bank made a written demand of the Defendants for statement in writing of the debt and all lawful charges claimed by them pursuant to 6-5-234 of the Code of Alabama, 1975, which said demand was received by said Defendants on January 18, 1989.
 "4. That more than ten (10) days after such written demand, the Defendants furnished First Alabama Bank with a written statement of the debt and the lawful charges claimed by them.
 "5. On February 9, 1989, First Alabama Bank appointed Robert J. Dow as its referee pursuant to 6-5-244 of the Code of Alabama, 1975, and advised the Defendants of same.
 "6. That on September 27, 1989, the said Robert J. Dow made his inspection.
 "7. That no referee has ever been appointed by the Defendants in this cause pursuant to 6-5-244, Code of Alabama, 1975.
 "8. That a summons and complaint was filed by First Alabama Bank on May 1, 1989, to redeem the said property.
 "9. That as the Defendants have failed to comply with the provisions of Article 14, Title 6, Chapter 5 of the Code of Alabama, 1975, it is
 "Accordingly, ORDERED, ADJUDGED, and DECREED by the Court that the Plaintiff be and is hereby entitled to a summary judgment in its favor pursuant to Rule 56 of the Alabama Rules of Civil Procedure and that under and by virtue of Plaintiff's complaint the Plaintiff shall pay the sum of $55,136.03 plus legal interest from the date of the foreclosure sale until the date of the filing of the Plaintiff's complaint for redemption, the payment being distributed first to Guaranty Federal Savings and Loan Association for the amount due by the Defendants, Michael D. McGlothlin and Mary L. McGlothlin, and the balance, if any, left over from said payment to the Defendants, Michael D. McGlothlin and Mary L. McGlothlin.
 "Further, it is ORDERED that the counterclaim of the Defendants, Michael D. McGlothlin and Mary L. McGlothlin, be and [it] is hereby dismissed.
 "Costs of Court are hereby taxed to the Defendants, Michael D. McGlothlin and Mary L. McGlothlin.
"DONE and ORDERED this 11th day of June, 1990."
The trial court's order dated July 8, 1991, states in pertinent part:
 "Thereupon, the court reviewed its Order in this cause on the Summary Judgment dated June 11, 1990, and finds that this order was not final as the order did not *Page 1139 
contain the language required under Rule 54 of the Alabama Rules of Civil Procedure stating that, 'as there is no just reason for delay,' nor did the judgment say it was final.
 "The Court finds that such order was a pre-trial order until its finality was had.
 "As the court had not entered a final judgment, the parties were free to further litigate the matter, which they chose not to do, as shown by documents produced in open court.
 "According to the said documents and the parties present at this hearing, in October, 1990 a conveyance was executed by [the McGlothlins] to the Plaintiff of the subject property and a settlement sheet made.
 "The Court finds that, as a matter of law and fact in this case, based on the pleadings and responses filed following the Court's order on Motion for Summary Judgment, the McGlothlins settled their case with First Alabama Bank as to all claims in this case. The Court further finds from the pleadings and the documents produced in open court, that after June 11, 1990, the McGlothlins had sufficient facts and circumstances available to them to convince this Court that the Court's order on Motion on Summary Judgment should have been reversed; said evidence being uncontroverted at the Court's last hearing that Joel C. Watson and first Alabama Bank's attorney, the Honorable James Fuhrmeister, had an agreement that even though the McGlothlins did not return the list of improvements to Mr. Watson on the last day permitted by the statute, the Bank would no[t] reject said list on that basis; other evidence which was uncontroverted at said hearing was that both the McGlothlins and the Bank agree that Mr. Robert Dow was an acceptable referee to both parties.
 "The Court further finds that the Defendant, Mrs. McGlothlin was not given the required statutory notice for redemption pursuant to Alabama Code, 1975, Section 6-5-231(b) [and] that such fact would have been a complete defense to the redemption sought by First Alabama Bank.
 "Having made the above findings, the Court orders this cause dismissed and costs taxed as in the same manner as in its order dated June 11, 1990."
Rule 54(b) of the Alabama Rules of Civil Procedure reads:
 "(b) Judgment Upon Multiple Claims or involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added).
An order as to fewer than all parties, or dealing with fewer than all claims, does not terminate the action as to any parties or claims. Rule 54, supra; see, e.g., Bowman v.Integrity Credit Corp., 507 So.2d 104 (Ala.Civ.App. 1987). Although the Bank sought a judicial determination that the Bank had the legal right to redeem the property in question, the trial court's order on summary judgment does not speak to this point or ever actually say that the Bank is granted the right to redeem, or is entitled to redeem, nor does the trial court say that redemption has occurred or is accomplished, nor is there an entry of judgment. Also, although the Bank sought a judicial determination that the McGlothlins *Page 1140 
should transfer all of their rights, title, and interest in the property to the Bank, the trial court's order on summary judgment does not end or divest the McGlothlins' interests in the property, nor does it transfer the McGlothlins' rights in the property to the Bank. Guaranty did not file a motion for summary judgment for the trial court to rule upon, nor did it have a motion for summary judgment filed against it for the trial court to rule upon. The trial court's order on summary judgment does not dispose of the question whether Guaranty is entitled to any of the interest that was ordered paid and what amount of the $55,136.03 it was due. The trial court entered an order requiring payment to Guaranty without Guaranty's having shown any legal right to any amount, and there was no determination of the McGlothlins' rights against Guaranty as to that sum. We have repeatedly stated that the significance of an order relating to fewer than all of the parties or to fewer than all the claims is that the order does not terminate the action as to any of the claims or parties, and that the order or other form of decision is subject to revision at any time before the entry of a judgment adjudicating all the claims and the rights and liabilities of all the parties. Rule 54(b), A.R.Civ.P.; see Hallman v. Marion Corp., 411 So.2d 130 (Ala. 1982). Where an action involves multiple claims or parties, any adjudication that adjudges fewer than all of the claims or parties is interlocutory, absent a Rule 54(b) order determining that there is no just reason for delay and expressly directing the entry of a judgment. Ford Motor Credit Co. v. Carmichael,383 So.2d 539 (Ala. 1980). The trial court did not dispose of all issues and parties in its order on summary judgment, and, therefore, the order was not a final judgment.
The McGlothlins further contend that because they settled after the trial court's order of June 11, 1990, that order should be deemed final. However, an agreement of the parties, as well as responsive pleadings, not reduced to a court order, does not constitute an adjudication of a pending claim.Rudolph v. First Southern Federal Sav. Loan Ass'n,414 So.2d 64 (Ala. 1982). We hold that the order on summary judgment was not a final order, and, therefore, that it was within the trial court's discretion to permit the intervention.
For the reasons stated, the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, KENNEDY and INGRAM, JJ., concur.