This is a property line dispute between coterminous land-owners.
Angela Moody and her father, Bruce Moody, sued Jackson Waters, Jr., and his wife, Norma Sue Waters, seeking a temporary restraining order prohibiting the Waterses from trespassing, cutting trees, and removing a fence. The Moodys also sought damages for trespass and asked the court to establish the proper boundary line between the Moodys' property and the Waterses' *Page 729 
property. The Moodys contend, contrary to what is indicated by surveys, that an old fence line is the boundary line between the properties and that it has been for more than 70 years.
The court granted the temporary restraining order and bifurcated the issues — the location of the true boundary line and the question of trespass — for separate trials. The trial court held a hearing on April 9, 1997, on the boundary line issue. After hearing testimony and viewing the properties, the court entered an order declaring that the fence was the true boundary line. The Waterses moved to alter, amend, or vacate that order. The court corrected a date in its order, but otherwise denied the motion. The Waterses appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975. The Moodys' trespass claim is still pending.
"It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved." Taylor v. Taylor,398 So.2d 267, 269 (Ala. 1981). A ruling that relates to fewer than all the parties in a case, or that determines fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims. Rule 54(b), Ala.R.Civ.P.; See McGlothlinv. First Alabama Bank, 599 So.2d 1137 (Ala. 1992). However, pursuant to Rule 54(b), a court may direct the entry of a final judgment as to fewer than all of the claims presented in a particular case. See Bean v. Craig, 557 So.2d 1249 (Ala. 1990). Furthermore, "when the trial court grants separate trials of single claims under Rule 42(b), a judgment entered as to fewer than all the claims or parties is not generally appealable absent a Rule 54(b) determination." Walker County PetroleumCouncil, Inc. v. Walker County, 368 So.2d 862, 863 (Ala. 1979).
The trespass issue was pending in the trial court when the Waterses appealed. The trial court did not sever the issues (pursuant to Rule 21, Ala.R.Civ.P.) so as to create separate cases; it only bifurcated the issues for separate trials. The trial court did not make its ruling on the boundary line issue final under Rule 54(b). Therefore, this court lacks jurisdiction to hear this appeal. It is dismissed.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.