Donna Bryant appeals from a judgment of the Baldwin County Circuit Court that, among other things, denied temporary total disability workers' compensation benefits to her. Because the appeal is not taken from a "final judgment," see § 12-22-2, Ala. Code 1975, we dismiss the appeal for lack of jurisdiction.
Bryant filed her complaint seeking workers' compensation benefits in May 1995, naming "Hardee's Food Systems" as the sole defendant. Two months later, Bryant amended her complaint to name Flagstar Enterprises, Inc., doing business as Hardee's (hereinafter "Hardee's") as a defendant; she also added a claim of intentional infliction of emotional distress based upon the alleged outrageous conduct of Hardee's in denying temporary total disability benefits. Hardee's filed an answer, stating, among other things, that Bryant should not recover benefits because her claimed injury did not arise out of and in the course of her employment. Hardee's then filed a motion for a summary judgment on Bryant's outrage claim, which was denied. Later, Bryant amended her complaint to add GAB Robins North America, Inc. ("GAB"), Hardee's workers' compensation insurance carrier, as a defendant as to her outrage claim.
Hardee's then moved to "bifurcate" the trial of Bryant's workers' compensation claim and her outrage claim. The trial court entered an order granting the motion to "bifurcate," setting one date for the hearing of the workers' compensation claim and a later date for the hearing of the outrage claim.
After an ore tenus proceeding concerning Bryant's workers' compensation claim, the trial court entered an order in favor of Hardee's as to this claim, concluding that she "ha[d] not proven that her medical condition either arose out of her employment or that [her] medical condition was suffered while in the line and scope of her employment with [Hardee's]" and that "no legal and/or medical causation was presented to substantiate the claim of [Bryant]." The trial court denied a "motion to reconsider"[1] this order. Bryant appealed to this court, which dismissed the appeal on motion of the appellant.Bryant v. Flagstar Enters., Inc., 705 So.2d 890 (Ala.Civ.App. 1997) (table).
After the trial court had entered its order in favor of Hardee's on the workers' compensation claim, GAB moved for a summary judgment on the outrage claim; Hardee's also moved for a summary judgment as to that claim. On August 5, 1997, the trial court entered the following order:
 "After oral argument, [GAB]'s Motion for Summary Judgment is granted."
Bryant then filed a notice of appeal.
While neither Bryant nor Hardee's, the only parties to file briefs in this appeal, have questioned this court's appellate jurisdiction, we must consider whether we have jurisdiction over this appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987).
In pertinent part, § 12-22-2, Ala. Code 1975, provides that an appeal will lie to the appropriate appellate court, within the time and in the manner prescribed by the Rules of Appellate Procedure, "[f]rom any final judgment of the circuit court" (emphasis added). A final judgment is "a terminative decision by a court of competent jurisdiction *Page 402 
which demonstrates there has been a complete adjudication of all matters in controversy between the litigants within the cognizance of that Court." Young v. Sandlin, 703 So.2d 1005,1008 (Ala.Civ.App. 1997) (quoting Ford Motor Co. v. Tunnell,641 So.2d 1238, 1240 (Ala. 1994)).
In considering whether Bryant has appealed from a "final judgment," we first address the effect of the motion by Hardee's to "bifurcate" Bryant's two claims, which did not rely upon any particular provision of the Alabama Rules of Civil Procedure as authority for the relief sought. In this regard, the Alabama Supreme Court long ago noted the distinction between a trial court's severance of claims from an action, pursuant to Rule 21, Ala.R.Civ.P., and its ordering separatetrials in a single action, pursuant to Rule 42, Ala.R.Civ.P.:
 "[S]eparate trials of different claims in a single action under Rule 42(b) usually result in a single judgment. Consequently, when the court wishes to enter judgment as to fewer than all the claims or parties, in a single action, Rule 54(b) must be followed. When, however, a claim is severed from the original action, as authorized by Rule 21, [Ala.R.Civ.P.], a new action is created, just as if it had never been a part of the original action, and a completely independent judgment results. Because the new action is no longer connected to the original action, the judgment rendered is not a determination as to fewer than all the parties and claims, and Rule 54(b) does not apply."
Key v. Robert M. Duke Ins. Agency, 340 So.2d 781, 783 (Ala. 1976) (emphasis added); see also Seybold v. Magnolia Land Co.,372 So.2d 865, 866 (Ala. 1979) (dismissing appeal from order relating to single plaintiff, where three other plaintiffs' claims remained pending, relying on Key). The trial court's order on Bryant's workers' compensation claim against Hardee's left Bryant's outrage claim against Hardee's and GAB remaining to be adjudicated; because the trial court did not "sever" the outrage claim from the workers' compensation claim, so as to create two separate actions, but merely directed separate trials of the two claims, the trial court's order relating to the workers' compensation claim is not itself a "final judgment." See Waters v. Moody, 716 So.2d 728, 728-29
(Ala.Civ.App. 1998).
We note that "[c]laims adjudicated in a previous non-final order become final, and therefore subject to appeal, at the time the last party or claim is disposed of." Oliver v.Townsend, 534 So.2d 1038, 1046 (Ala. 1988); see also Rule 54(b), Ala.R.Civ.P. However, while Bryant sought relief on her outrage claim from both Hardee's and GAB, and while both Hardee's and GAB filed summary judgment motions after the trial court had entered its order relating to Bryant's workers' compensation claim, the trial court's August 5, 1997, order grants only GABs' summary judgment motion. The trial court did not rule upon Hardee's second summary judgment motion addressed to the outrage claim. Thus, Bryant's outrage claim against Hardee's remains pending in the trial court, and we conclude that Bryant has not appealed from a final judgment of that court.
"When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu." Powell v. Republic Nat'l Life Ins. Co.,293 Ala. 101, 102, 300 So.2d 359, 360 (1974). Accordingly, we dismiss Bryant's appeal.
APPEAL DISMISSED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] We reiterate that there is no such filing as a "motion to reconsider." "The Alabama Rules of Civil Procedure make no reference to a 'motion to reconsider.' " Ex parte Johnson,673 So.2d 410, 412 (Ala. 1994).