Mitch Lovvorn and Cindy Lovvorn ("the Lovvorns") sued C.L. Holcombe and Ila M. Spradlin on May 14, 2002, seeking to quiet title to certain real property. On May 27, 2002, C.L. and Ila answered and counterclaimed, alleging that they and the Lovvorns were coterminous landowners; that for a period in excess of 75 years a wire fence had been recognized by the parties' predecessors in title as the true and correct boundary line between the parties' properties; that the Lovvorns had trespassed upon their property and had cut timber that was on their property; that the Lovvorns had pushed debris onto their property; and that the Lovvorns had destroyed the existing wire fence and had erected a new fence across a road leading to their property. C.L. and Ila sought damages based on claims alleging trespass, negligence, conversion, and "statutory penalty." They also sought certain injunctive relief. The Lovvorns answered the counterclaim on June 3, 2002, denying the allegations, contending that their fence is properly located, and raising certain affirmative defenses.
After the action had been filed, C.L. and Ila conveyed their interest in the disputed property to Gary Spradlin and Joe Mack Spradlin ("the Spradlins"). The pleadings were amended to add the Spradlins as parties to the action.
Following an ore tenus proceeding, the trial court, on June 26, 2003, entered an order establishing the boundary line between the coterminous landowners' properties in accordance with a survey of the disputed property provided by the Lovvorns. The trial court also ordered that the Spradlins were entitled to unobstructed and unencumbered access to their property along the "old roadbed" free of any obstruction from the Lovvorns. The Spradlins appeal. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975. *Page 353 
Although neither the Spradlins nor the Lovvorns have questioned this court's appellate jurisdiction in this matter, we must consider whether we have jurisdiction over this appeal, because "`jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.'"Nobles v. Alabama Christian Academy, 724 So.2d 527, 529
(Ala.Civ.App. 1998), quoting Nunn v. Baker, 518 So.2d 711, 712
(Ala. 1987). This court has stated:
 "`It is a well established rule that, with limited exceptions, an appeal will lie only from a final judgment which determines the issues before the court and ascertains and declares the rights of the parties involved.' Taylor v. Taylor, 398 So.2d 267, 269
(Ala. 1981). A ruling that relates to fewer than all the parties in a case, or that determines fewer than all the claims, is ordinarily not final as to any of the parties or as to any of the claims. Rule 54(b), Ala. R. Civ. P.; see McGlothlin v. First Alabama Bank, 599 So.2d 1137 (Ala. 1992). However, pursuant to Rule 54(b), a court may direct the entry of a final judgment as to fewer than all of the claims presented in a particular case. See Bean v. Craig, 557 So.2d 1249 (Ala. 1990). Furthermore, `when the trial court grants separate trials of single claims under Rule 42(b), [Ala. R. Civ. P.,] a judgment entered as to fewer than all the claims or parties is not generally appealable absent a Rule 54(b) determination.' Walker County Petroleum Council, Inc. v. Walker County, 368 So.2d 862, 863 (Ala. 1979)."
Waters v. Moody, 716 So.2d 728, 729 (Ala.Civ.App. 1998).
It appears from the record that the trial court separated the claim to establish the true boundary line between the parties' properties and the claim seeking injunctive relief from the tort claims seeking damages. The trial court's order establishing the boundary line between the parties' properties and ordering that the Spradlins are to have unobstructed access to their property along the "old roadbed" free of any obstruction from the Lovvorns did not address or dispose of the tort claims alleged in the Spradlins' counterclaim seeking damages for injury to their property. Further, the trial court's judgment was not certified as final pursuant to Rule 54(b), Ala. R. Civ. P. Therefore, we conclude that this court lacks jurisdiction to hear this appeal. Accordingly, we must dismiss this appeal as being from a nonfinal judgment.
APPEAL DISMISSED.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.