Kenneth Davis and Myra Davis sued their coterminous landowners, Robert Day and Anita Day, seeking a determination of the boundary line between the parties' properties and seeking damages on claims alleging trespass and conversion. In their complaint, the Davises alleged that they held valid title to the property in dispute or, alternatively, that they had established ownership of the property through adverse possession. The Days answered and counterclaimed, asserting that they owned the property in dispute and seeking, among other things, damages for trespasses they contended the Davises had committed.
The parties agreed to "bifurcate" the trial of the action and to first address only the issue of the location of the boundary line between their properties. On March 13, 2007, the trial court received ore tenus evidence regarding the location of the common boundary. Some evidence was presented on the issue of the Davises' alleged adverse possession of the property in dispute, but, because the Days' witness for their defense of the adverse-possession claim was not present, the trial court stated:
 "We will take it one step at a time, and I will rule on my opinion of the land line, and then when I do that, if the adverse possession is still in issue, then I will take what you've presented already and we will come back and either here or in Calhoun County and do that or go forward, whatever we need to do."
On April 18, 2007, the trial court entered an order in which it determined that the boundary line advocated by the Davises was the correct boundary between the parties' properties. That order specified that, "[d]ue to the agreement of the parties to bifurcate the issues of this case and try only the issue of the boundary [line] between the two properties, this Court reserves ruling on all other issues presently before it."
The Days filed a motion purportedly pursuant to Rule 59(e), Ala. R. Civ. P.[1] *Page 1120 
The trial court entered an order on May 22, 2007, purporting to deny the Days' motion. In that order, it specified that it had based its ruling on its consideration of the evidence and surveys submitted by the parties and that it had reached its ruling without considering the issue of adverse possession. The Days then appealed, and this case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
Neither set of parties has addressed in their statements of jurisdiction or elsewhere in their briefs submitted to this court the issue of the finality of the April 18, 2007, order from which the Days have appealed. However, issues of jurisdiction are of such importance that courts may take notice of them ex mero motu. Nunn v. Baker, 518 So.2d 711,712 (Ala. 1987); Wilson v. Glasheen, 801 So.2d 848
(Ala.Civ.App. 2001). In this case, the record indicates that the parties and the trial court intended to address the issues in this action in separate trials. However, when separate trials are ordered, a ruling on fewer than all the pending issues is not sufficiently final to support an appeal. Bryant v.Flagstar Enters., Inc., 717 So.2d 400, 402
(Ala.Civ.App. 1998). The Committee Comments Adopted February 13, 2004, to Rule 21, Ala. R. Civ. P., explain:
 "Rule 21 provides that: `Any claim against a party may be severed and proceeded with separately.' Confusion has sometimes arisen between a true severance and an order providing for separate trials pursuant to Rule 42(b)[, Ala. R. Civ. P.] The distinction has at least the significance that a judgment on the first of two separate trials is not final, absent an order pursuant to Rule 54(b), Ala. R. Civ. P., while after a true severance a judgment on the first action to come to trial is final and appealable without reference to the proceedings in the severed action. Key v. Robert M. Duke Ins. Agency, 340 So.2d 781, 783
(Ala. 1976). . . ."
In Bryant v. Flagstar Enterprises, Inc., supra, this court stated:
 "[T]he Alabama Supreme Court long ago noted the distinction between a trial court's severance
of claims from an action, pursuant to Rule 21, Ala. R. Civ. P., and its ordering separate trials in a single action, pursuant to Rule 42, Ala. R. Civ. P.:
 "`[S]eparate trials of different claims in a single action under Rule 42(b) usually result in a single judgment. Consequently, when the court wishes to enter judgment as to fewer than all the clams or parties, in a single action, Rule 54(b) must be followed. When, however, a claim is severed from the original action, as authorized by Rule 21, [Ala. R. Civ. P.], a new action is created, just as if it had never been a part of the original action, and a completely independent judgment results. Because the new action is no longer connected to the original action, the judgment rendered is not a determination as to fewer than all the parties and claims, and Rule 54(b) does not apply.'
 "Key v. Robert M. Duke Ins. Agency, 340 So.2d 781, 783 (Ala. 1976) (emphasis added); see also Seybold v. Magnolia Land Co., 372 So.2d 865, 866
(Ala. 1979) (dismissing appeal from order relating to single plaintiff, where three other *Page 1121 
plaintiffs' claims remained pending, relying on Key)."
717 So.2d at 402. Under appropriate circumstances, a trial court may certify as final pursuant to Rule 54(b), Ala. R. Civ. P., an order determining one of several pending claims.Waters v. Moody, 716 So.2d 728 (Ala.Civ.App. 1998). However, we note that when claims "are so interrelated that they should be adjudicated simultaneously and not piecemeal," a Rule 54(b) certification is not appropriate. Bridges v.Bridges, 598 So.2d 935, 936 (Ala.Civ.App. 1992); seealso Hurst v. Cook, 981 So.2d 1143 (Ala.Civ.App. 2007).
In Waters v. Moody, supra, the trial court in an action involving a boundary-line dispute bifurcated the issue of the location of the boundary and the claim alleging trespass. After conducting a hearing, the trial court entered an order establishing the boundary line between the parties' properties; however, the trespass claim remained pending. This court held that because the action was set for separate trials and because the trial court did not enter a Rule 54(b) certification, its ruling on only one of the pending claims was not sufficiently final to support the appeal. Therefore, this court dismissed the appeal for want of jurisdiction.
In Spradlin v. Lovvorn, 891 So.2d 351
(Ala.Civ.App. 2004), the trial court ruled on the claim seeking the establishment of the parties' common boundary and a request for certain injunctive relief, but it did not address the tort claims asserted in the action. The judgment was not certified as final pursuant to Rule 54(b). Accordingly, because the appeal was taken from a nonfinal judgment, this court dismissed the appeal due to a lack of appellate jurisdiction.
The trial court in this action bifurcated the claims for separate trials. The trial court's April 18, 2007, order specifically reserves jurisdiction to rule on the remaining issues pending between the parties. That order contains no indication as to whether the trial court considered a Rule 54(b) certification of finality to be appropriate under the facts of this case. The April 18, 2007, order from which this appeal is taken is not sufficiently final to support the appeal; accordingly, we dismiss the appeal. Spradlin v.Lovvorn, supra; Waters v. Moody, supra.
APPEAL DISMISSED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
[1] A valid Rule 59 motion may only be filed in regard to a final judgment. Ex parte Troutman Sanders, LLP,866 So.2d 547, 549 (Ala. 2003) ("By its express terms, Rule 59(e) applies only where there is a `judgment.'"); Malone v.Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App. 1999) ("[A] Rule 59 motion may be made only in reference to a final judgment or order.").