THOMAS, Judge.
 

 On February 23, 2004, Raymond W. Gil-breath and Sherry L. Gilbreath (“the Gil-breaths”) sued Richard Earl Harbour and Charlotte Harbour (“the Harbours”), and
 
 *876
 
 Timothy Harbour, the Harbours’ son. The Gilbreaths and the Harbours own adjoining tracts of land. In their complaint, the Gilbreaths alleged a boundary-line dispute and claimed ownership of certain property (“the disputed property”) by adverse possession. The Gilbreaths also sought an injunction, seeking to enjoin the parties from altering the disputed property, destroying the boundary markers between the parties’ properties, and harassing one another.
 

 On March 11, 2004, the Harbours answered the Gilbreaths’ complaint, denying the allegations contained therein. Timothy Harbour also answered the Gilbreaths’ complaint, denying their allegations.
 

 On December 6, 2005, the Gilbreaths moved for leave to amend their complaint, seeking to add a claim of intentional infliction of emotional distress against the Har-bours and Timothy Harbour and seeking to add claims alleging assault and the tort of outrage against Timothy Harbour. On January 13, 2006, the trial court entered an order that, among other things, permitted the Gilbreaths to amend their complaint. On January 23, 2006, the Gil-breaths sought and received leave of the trial court to amend their complaint again to request special damages stemming from Timothy Harbour’s alleged assault upon Raymond Gilbreath.
 

 The case was set for trial on August 8, 2007. At the trial, the parties stipulated that the tort claims against the Harbours and Timothy Harbour would be tried separately from the boundary-line dispute. There is no order severing the claims, and nothing in the record shows that a new case number was assigned to the tort claims.
 

 On September 13, 2007, the trial court entered a judgment (“the boundary-line judgment”) in favor of the Harbours, finding that the Gilbreaths had not adversely possessed the disputed property. However, the trial court did find that the Gil-breaths’ use of a driveway on the disputed property had “been under a claim of right.” The trial court therefore found that the Gilbreaths had a prescriptive easement in the driveway on the disputed property.
 

 On October 22, 2007, the trial court rendered an order that purported to certify its September 13, 2007, boundary-line judgment as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. The Gilbreaths appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 This court has stated:
 

 “Although the issue has not been addressed by either party, this court must first determine whether it has jurisdiction over this appeal. ‘Jurisdictional matters are of such importance that a court may take notice of them
 
 ex mero motu.’ McMurphy v. East Bay Clothiers,
 
 892 So.2d 395, 397 (Ala.Civ.App. 2004). ‘[T]he question whether a judgment is final is a jurisdictional question.’
 
 Johnson v. Johnson,
 
 835 So.2d 1032, 1034 (Ala.Civ.App.2002).”
 

 Naylor v. Naylor,
 
 981 So.2d 440, 441 (Ala. Civ.App.2007).
 

 The trial court’s October 22, 2007, order purporting to certify the boundary-line judgment as final pursuant to Rule 54(b) was never input into the State Judicial Information System (“SJIS”). Rule 58(c), Ala. R. Civ. P., provides:
 

 “(c) Entry of Order or Judgment. Upon rendition of an order or a judgment as provided in subdivision (a) of this rule, the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed
 
 ‘entered,
 
 ’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into
 
 *877
 
 the State Judicial Information System. The entry of the judgment or order shall not be delayed for the taxing of costs. Interest upon a judgment runs from the date the court renders the judgment.”
 

 (Emphasis added.) The Committee Comments to Amendment to Rule 58 Effective September 19, 2006, state, in part:
 

 “This amendment to Rule 58(c) reinstates the distinction between the substantive, judicial act of rendering a judgment and the procedural, ministerial act of entering a judgment. Thus, the rule is also amended to include a new provision that interest on a judgment begins to run at the time of rendition of the judgment.
 
 The jurisdictional need for an unambiguous, universally available judgment-entny date for the sake of an appeal does not apply to the question of the commencement of the running of interest on the judgment, as to which the parties can determine the date of rendition, if necessary, after the judgment becomes final
 
 and either no appeal is taken or all appeals have been exhausted.”
 

 (Emphasis added.)
 

 In
 
 Day v. Davis,
 
 989 So.2d 1118 (Ala. Civ.App.2008), this court recently dismissed an appeal from a nonfinal judgment because the judgment adjudicated the parties’ boundary-line dispute, but not the tort claims asserted in the same action. In
 
 Day,
 
 989 So.2d at 1120-21, we stated:
 

 “In this case, the record indicates that the parties and the trial court intended to address the issues in this action in separate trials. However, when separate trials are ordered, a ruling on fewer than all the pending issues is not sufficiently final to support an appeal.
 
 Bryant v. Flagstar Enters., Inc.,
 
 717 So.2d 400, 402 (Ala.Civ.App.1998). The Committee Comments Adopted February 13, 2004, to Rule 21, Ala. R. Civ. P., explain: “ ‘Rule 21 provides that: “Any claim against a party may be severed and proceeded with separately.” Confusion has sometimes arisen between a true severance and an order providing for separate trials pursuant to Rule 42(b)[, Ala. R. Civ. P.] The distinction has at least the significance that a judgment on the first of two separate trials is not final, absent an order pursuant to Rule 54(b), Ala. R. Civ. P., while after a true severance a judgment on the first action to come to trial is final and appealable without reference to the proceedings in the severed action.
 
 Key v. Robert M. Duke Ins. Agency,
 
 340 So.2d 781, 783 (Ala.1976)
 

 “In
 
 Bryant v. Flagstar Enterprises, Inc.,
 
 supra, this court stated:
 

 “ ‘[T]he Alabama Supreme Court long ago noted the distinction between a trial court’s
 
 severance
 
 of claims from an action, pursuant to Rule 21, Ala. R. Civ. P., and its
 
 ordering separate trials
 
 in a single action, pursuant to Rule 42, Ala. R. Civ. P.:
 

 “ ‘
 
 “[SJeparate trials of different claims in a single action under Rule 12(b) 'usually result in a single judgment. Consequently, when the court wishes to enter judgment as to fewer than all the claims or parties, in a single action, Rule 51(b) must be followed.
 
 When, however, a claim is severed from the original action, as authorized by Rule 21, [Ala. R. Civ. PJ, a new action is created, just as if it had never been a part of the original action, and a completely independent judgment results. Because the new action is no longer connected to the original action, the judgment rendered is not a determination as to fewer than all the parties
 
 *878
 
 and claims, and Rule 54(b) does not apply.”
 

 “
 
 ‘Key v. Robert M. Duke Ins. Agency,
 
 340 So.2d 781, 783 (Ala.1976) (emphasis added);
 
 see also Seybold v. Magnolia Land Co.,
 
 372 So.2d 865, 866 (Ala.1979) (dismissing appeal from order relating to single plaintiff, where three other plaintiffs’ claims remained pending, relying on
 
 Key).’
 

 “717 So.2d. at 402.”
 

 The trial court in this action bifurcated the claims for separate trials upon the agreed, oral motion of the parties. In its September 13, 2007, judgment, the, court adjudicated the parties’ boundary-line dispute. On October 22, 2007, the court rendered an order certifying the boundary-line judgment as final pursuant to Rule 54(b); that order was never entered.
 

 Although this action was initiated in 2004, the supreme court has held that the September 19, 2006, amendment to Rule 58(c) applies to cases that were pending at the time the amendment became effective, even if those cases were pending on appeal.
 
 Ex parte Luker,
 
 [Ms. 1051805, August 31, 2007] — So.3d - (Ala.2007). Because the October 22, 2007, order purporting to certify the September 13, 2007, boundary-line judgment as a final pursuant to Rule 54(b) was rendered, but never input into the SJIS, and therefore never entered, the judgment is a nonfinal judgment and will not support an appeal.
 
 Spradlin v. Lovvorn,
 
 891 So.2d 351 (Ala.Civ.App.2004);
 
 see also Ex parte Luker,
 
 supra;
 
 Martin v. Martin,
 
 998 So.2d 1081, 1083 (Ala.Civ.App.2008) (stating that although a trial court rendered a judgment on a postjudgment motion, the motion was actually denied by operation of law because “that order was not entered on the State Judicial Information System”).
 

 Therefore, we dismiss the appeal for lack of appellate jurisdiction.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.