BRYAN, Judge.
 

 On December 1, 2005, Rodger Bolden sued his employer, Wise Alloys, LLC, seeking workers’ compensation benefits. On August 6, 2007, the trial court entered a judgment denying Bolden workers’ compensation benefits. The trial court subsequently set aside its judgment of August 6, 2007. On September 18, 2007, the trial court rendered a judgment denying Bolden workers’ compensation benefits. Bolden appealed.
 

 Although neither party addresses the issue, this court must first determine whether it has jurisdiction over this appeal.
 

 “ ‘Jurisdictional matters are of such importance that a court may take notice of them
 
 ex mero motu.’ McMurphy v. East Bay Clothiers,
 
 892 So.2d 395, 397 (Ala.Civ.App.2004). ‘[T]he question whether a judgment is final is a jurisdictional question.’
 
 Johnson v. Johnson,
 
 835 So.2d 1032, 1034 (Ala.Civ.App. 2002).”
 

 Naylor v. Naylor,
 
 981 So.2d 440, 441 (Ala. Civ.App.2007).
 

 The trial court’s September 18, 2007, judgment was never input into the State Judicial Information System (“SJIS”). Rule 58(c), Ala. R. Civ. P., which was amended effective September 16, 2006, provides:
 

 “(c) Entry of Order or Judgment. Upon rendition of an order or a judgment as provided in subdivision (a) of this rule, the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System. The entry of the judgment or order shall not be delayed for the taxing of costs. Interest upon a judgment runs from the date the court renders the judgment.”
 

 The Committee Comments to Amendment to Rule 58 Effective September 19, 2006, state, in part:
 

 “This amendment to Rule 58(c) reinstates the distinction between the substantive, judicial act of rendering a judgment and the procedural, ministerial act of entering a judgment. Thus, the rule is also amended to include a new provision that interest on a judgment begins to run at the time of rendition of the judgment. The jurisdictional need for an unambiguous, universally available judgment-entry date for the sake of an appeal does not apply to the question of the commencement of the running of interest- on the judgment, as to which the parties can determine the date of rendition, if necessary, after the judgment becomes final and either no appeal is taken or all appeals have been exhausted.”
 

 Although this action was initiated in 2005, our supreme court has stated that the September 19, 2006, amendment to
 
 *1289
 
 Rule 58(c) applies to cases that were pending at the time the amendment became effective.
 
 Ex parte Luker,
 
 [Ms. 1051805, August 31, 2007] — So.3d -, - (Ala.2007). Because the September 18, 2007, judgment was rendered, but never input into the SJIS, and therefore never entered, the judgment is a nonfinal judgment and will not support an appeal.
 
 Spradlin v. Lovvorn,
 
 891 So.2d 351, 353 (Ala.Civ.App.2004);
 
 see also Gilbreath v. Harbour,
 
 3 So.3d 875, 878 (Ala.Civ.App. 2008) (dismissing an appeal as one taken from a nonfinal judgment when that judgment had been rendered but never input into the SJIS); and
 
 Martin v. Martin,
 
 998 So.2d 1081, 1083 (Ala.Civ.App.2008) (stating that, although a trial court indicated its denial of a postjudgment motion on the case-action summary, the motion was actually denied by operation of law because “that order was not entered on the [SJIS]”). Therefore, we dismiss the appeal for lack of appellate jurisdiction.
 

 APPEAL DISMISSED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.