THOMPSON, Presiding Judge.
 

 Christine Marie Stanley (“the wife”) sued Jerry Lester Stanley, Jr. (“the husband”), for a divorce. In her complaint, the wife sought custody of the parties’ two minor children, an award of child support, an equitable property division, and an award of alimony. The husband answered and denied the material allegations of the wife’s complaint.
 

 The parties reached a settlement agreement, and on October 18, 2007, the trial court entered a divorce judgment that incorporated the terms of that settlement agreement. On November 13, 2007, the wife filed, purportedly pursuant to Rule 59(e), Ala. R. Civ. P., a motion entitled “motion to alter, amend, or vacate.” That motion stated:
 

 “1. Pursuant to the parties’ Final [Judgment] of Divorce, if the company, Southgate Technologies, was sold prior to the parties’ youngest child reaching age twenty-five (25), ‘... the Husband shall immediately establish an irrevocable trust agreement with the parties’ two children designated therein as the equal, sole and primary beneficiaries thereof. The Wife shall participate in the creation of said trust and its terms shall be mutually agreed upon by the parties with such agreement not to be unreasonably withheld. It shall be funded with fifteen percent (15%) of the Husband’s net proceeds from said sale (net proceeds meaning proceeds after the payment of costs of sale and taxes pursuant to said sale).’
 

 “2. After the parties’ reached this agreement and immediately after the Court entered the Final [Judgment] of Divorce herein, Southgate Technologies was sold. Both of the parties’ children remain under the age of twenty five (25). Nevertheless, the Husband refuses to create the trust as mandated by the Court, stating he received no compensation for his thirty percent (30%) interest in said company.
 

 “3. [The wife] submits upon reasonable information and belief, [the husband] did in fact receive significant compensation for his interest in said company as well as his agreement to continue working for the purchasing entity as a term of said sale.
 

 “4. [The wife] further submits upon reasonable information and belief [the husband] structured the sale of his company so as to defeat the intent of the parties with regard to preservation of business proceeds for the minor children subject to this action.
 

 “5. [The wife] is in need of an Order of this Court altering or amending its Final [Judgment] of Divorce so as to prevent [the husband’s] frustration of the spirit of the parties’ agreement, and to ensure the Court’s [judgment] with regard to this property settlement is realized.
 

 “6. [The wife] requests a hearing and the opportunity to present testimony on this motion.”
 

 On November 19, 2007, the trial court entered the following order:
 

 “The Court having read and reviewed the [wife’s] Motion to Alter, Amend or Vacate the Final [Judgment] of Divorce entered on October 18, 2007, and the Notice of Intent to Take Testimony at Hearing on Motion to Alter or Amend,
 
 [1]
 
 
 *513
 
 regards the Motion to Alter, Amend or Vacate as a petition seeking a contempt finding against the [husband] and one for enforcement of the [divorce judgment]. Therefore, it is a new action and court costs must first be paid and if not paid by December 4, 2007, the action will be dismissed.”
 

 On December 14, 2007, the wife filed a notice of appeal challenging the November 19, 2007, order. The wife argues that the trial court erred in failing to conduct a hearing on her November 13, 2007, motion. In making that argument, the wife characterizes the November 13, 2007, motion as a postjudgment motion to alter, amend, or vacate the divorce judgment, filed pursuant to Rule 59(e), Ala. R. Civ. P. Rule 59(g), Ala. R. Civ. P., upon which the wife relies, provides that motions filed pursuant to Rule 59 “shall not be ruled upon until the parties have had opportunity to be heard thereon.” In response, the husband argues that the trial court correctly interpreted the wife’s November 13, 2007, motion as a motion seeking the enforcement of the divorce judgment rather than as a postjudgment motion.
 

 “The substance of a motion and not its style determines what kind of motion it is.”
 
 Evans v. Waddell,
 
 689 So.2d 23, 26 (Ala.1997). The wife titled her November 13, 2007, motion as a “motion to alter, amend, or vacate,”
 
 see
 
 Rule 59(e), and she stated in that motion that she “was in need of an order ...
 
 altering or amending
 
 ” the divorce judgment. (Emphasis added.) However, in that motion, the wife sought to prevent the husband’s purported “frustration” of their settlement agreement that was incorporated into the divorce judgment, and she asked the trial court to “ensure” that the property settlement in the divorce judgment was “realized.” The wife did not ask that the trial court modify or vacate its property division in light of the husband’s sale of his business.
 

 We agree with the conclusion reached by the trial court in its November 19, 2007, order that the wife’s November 13, 2007, motion was, in substance, a motion seeking the enforcement of the divorce judgment rather than a motion seeking the alteration or modification of the property-division provisions of that judgment.
 
 See Ex parte Johnson,
 
 715 So.2d 783, 785 (Ala.1998) (“It is well settled that this Court looks to the essence of a motion, not necessarily to its title, to determine how the motion is to be considered under the Alabama Rules of Civil Procedure.”). Accordingly, in this case, the trial court was not required by Rule 59(g) to conduct a hearing on the wife’s November 13, 2007, motion. The relief sought in the wife’s November 13, 2007, motion must be sought in a new action in the trial court.
 
 See Vann v. Cook,
 
 989 So.2d 556, 560 (Ala.Civ.App.2008).
 

 Our determination that the November 13, 2007, motion was not a Rule 59(e) postjudgment motion was necessary in order for this court to determine whether it has jurisdiction over this appeal. Al
 
 *514
 
 though the parties have not addressed the issue of the jurisdiction of this court, that issue is of such significance that this court may address that issue
 
 ex mero motu. Bryant v. Flagstar Enters., Inc.,
 
 717 So.2d 400, 401 (Ala.Civ.App.1998).
 

 The trial court’s November 19, 2007, order did not actually rule on the wife’s November 13, 2007, motion. Rather, in that order, the trial court stated its
 
 intent
 
 to rule on the motion if the wife did not file a separate action seeking the enforcement of the divorce judgment. Accordingly, because the trial court did not dispose of the wife’s November 13, 2007, motion, the November 19, 2007, order was not sufficiently final to support an appeal. We note that, had the wife’s November 13, 2007, motion been a true postjudgment motion filed pursuant to Rule 59(e), Ala. R. Civ. P., it would have been denied by operation of law after the expiration of 90 days.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. The denial by operation of law of a postjudgment motion is appealable,
 
 see
 
 Rule 4(a)(3), Ala. R.App. P., and the wife’s notice of appeal would have been deemed to have been held in abeyance until the denial of the motion by operation of law. Rule 4(a)(5), Ala. R.App. P.
 

 The November 19, 2007, order was not a final order that could support an appeal. This court must dismiss an appeal taken from a nonfinal order.
 
 Bacadam Outdoor Advertising, Inc. v. Kennard,
 
 721 So.2d 226 (Ala.Civ.App.1998);
 
 Bryant v. Flags-tar Enters., Inc.,
 
 717 So.2d at 402. Accordingly, the wife’s appeal is hereby dismissed.
 

 APPEAL DISMISSED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 1. In addition to her "motion to alter, amend, or vacate,” on November 13, 2007, the wife also filed a document entitled "notice of in
 
 *513
 
 tent to take testimony at hearing on motion to alter or amend.” That document stated:
 

 "COMES NOW Plaintiff, CHRISTINE MARIE STANLEY, and files this her Notice of Intent to Take Testimony and as grounds therefore states as follows:
 

 "1. [The wife] has filed a Motion to Alter, Amend or Vacate the Court’s Final [Judgment] of Divorce and requested a hearing on the same.
 

 “2. [The wife] intends to take testimony at the hearing on the Motion to Alter, Amend or Vacate the parties’ Final [Judgment] of Divorce on the date and at the time specified by the Court for said hearing, as such testimony will be necessary for the Court to make a decision on [the wife’s] motion.”