MOORE, Judge.
On July 3, 2007, Shirley Hamilton (“the employee”) filed a complaint in the Montgomery Circuit Court (“the trial court”) against CSC Distribution, Inc. (“the employer”), stating a retaliatory-discharge claim under § 25-5-11, Ala.Code 1975. On July 31, 2007, the employee amended her complaint to add the Alabama Department of Industrial Relations (“ADIR”) as a party and to appeal the denial of a claim for unemployment-compensation benefits. ADIR and the employer subsequently moved the trial court to sever the unemployment-compensation appeal from the retaliatory-discharge claim and to assign the unemployment-compensation appeal a new case number. On October 2, 2007, the trial court granted the motion to sever “in part,” but it did not assign the unemployment-compensation appeal a new case number.
ADIR later filed a motion for a summary judgment solely as to the unemployment-compensation appeal. By an order dated February 8, 2008, the trial court granted that motion. On February 19, *591 2008, the employer filed a motion for a summary judgment on the retaliatory-discharge claim; the trial court never expressly ruled on that motion. On February 27 and March 5, 2008, the employee filed motions to vacate the trial court’s February 8, 2008, summary-judgment order. The trial court denied those motions on March 26, 2008. On May 5, 2008, the employee filed a notice of appeal.
On appeal, the employee argues that the trial court erred in entering a summary judgment as to her unemployment-compensation appeal because, she says, she presented substantial evidence indicating that she did not voluntarily quit her job.[1] However, we cannot reach that issue because we conclude that this court does not have subject-matter jurisdiction over this appeal.
Although neither party has questioned this court’s appellate jurisdiction, we must consider whether we have jurisdiction over this appeal because “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987).
“In pertinent part, § 12-22-2, Ala. Code 1975, provides that an appeal will lie to the appropriate appellate court, within the time and in the manner prescribed by the Rules of Appellate Procedure, ‘[fjrom any final judgment of the circuit court’ (emphasis added). A final judgment is ‘a terminative decision by a court of competent jurisdiction which demonstrates there has been a complete adjudication of all matters in controversy between the litigants within the cognizance of that Court.’ Young v. Sand-lin, 703 So.2d 1005, 1008 (Ala.Civ.App. 1997) (quoting Ford Motor Co. v. Tunnell, 641 So.2d 1238, 1240 (Ala.1994)).”
Bryant v. Flagstar Enters., Inc., 717 So.2d 400, 401-02 (Ala.Civ.App.1998).
In considering whether the employee appealed from a “final judgment,” we first consider the effect of the trial court’s order granting the motion to sever “in part.” The record contains no further explanation of what the trial court meant when it granted the motion “in part.” However, it is obvious from the fact that the trial court did not assign separate case numbers to the severed claims that it intended only to separate the claims for trial purposes. Under these circumstances, the order granting the motion to sever “in part” did not effectuate a true severance under Rule 21, Ala. R. Civ. P., but, instead, merely ordered separate trials of the claims under Rule 42(b), Ala. R. Civ. P. When a court merely orders separate trials, an adjudication of one claim, via a summary-judgment order, does not become a final judgment unless the order is properly certified as final pursuant to Rule 54(b), Ala. R. Civ. P. See Bryant, 717 So.2d at 402. The trial court did not certify the February 8, 2008, summary-judgment order as a final judgment under Rule 54(b).
In its brief, the employer asserts that the trial court actually entered a summary judgment as to both the unemployment-compensation appeal and the retaliatory-discharge claim. The employer notes that, on the same date that the trial court entered its order granting ADIR’s summary-judgment motion into the State Judicial Information System, the trial court also noted on the case-action-summary sheet that the case had been “disposed.” The employer argues that that notation effectively dismissed the retaliatory-discharge *592 claim.[2] The supreme court amended Rule 58(c), Ala. R. Civ. P., as of September 19, 2006, to provide, in pertinent part, that a judgment may be entered only by “input of the ... judgment into the State Judicial Information System.” Thus, even if the notation on the case-action-summary sheet could be construed as the trial court’s attempt to dismiss the retaliatory-discharge claim, that attempt was not effective. As a result, the trial court never adjudicated the retaliatory-discharge claim.
Because the retaliatory-discharge claim remains pending, the employee’s appeal is from a nonfinal judgment. “ ‘When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.’ ” Bryant, 717 So.2d at 402 (quoting Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)).
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
BRYAN, J., concurs specially.

. Although the employee raises an issue solely as to the propriety of the summary judgment entered as to her unemployment-compensation appeal, she named only the employer as an appellee on her notice of appeal. Consequently, ADIR is not a party to this appeal.

. In her "motion to reconsider” filed on February 27, 2008, the employee also assumed that the notation on the case-action-summary sheet had dismissed her retaliatory-discharge claim.