MOORE, Judge,
concurring specially.
I concur specially. On application for rehearing, the former husband asserts for the first time that the trial court’s judgment denying his Rule 60(b), Ala. R. Civ. P., motion to set aside the January 31, 2008, default judgment has not been en *443 tered in case no. DR-03-180.01. Although I agree with the conclusion in the main opinion that the former husband failed to file a notice of appeal in case no. DR-03-180.01, I write specially to note that, when a judgment is rendered, but not entered, as the former husband asserts happened in that action, there is no final judgment from which to appeal. See Bolden v. Wise Alloys, LLC, 5 So.3d 1287, 1289 (Ala.Civ.App.2008). As the main opinion states, “[w]hen actions are ordered consolidated, ‘each action retains its separate identity and thus requires the entry of a separate judgment.’” H.J.T. v. State ex rel. M.S.M., 34 So.3d 1276, 1278 (Ala.Civ.App.2009) (quoting League v. McDonald, 355 So.2d 695, 697 (Ala.1978)); see also R.J.G. v. S.S.W., 42 So.3d 747, 752-53 (Ala.Civ.App.2009). If, as the former husband asserts, the trial court failed to enter its judgment in ease no. DR-03-180.01, there is no final judgment in that action from which the former husband could have appéaled.
The former husband also requests that this court reconsider its decision with regard to the visitation provisions of the trial court’s judgment. I conclude, however, that that issue was correctly and completely addressed in this court’s opinion on original submission. I, therefore, concur in the main opinion’s denial of the application for rehearing on that issue.
THOMPSON, P.J., concurs.